## STEWART & Others v. DUNHAM & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF MISSISSIPPI.

Submitted April 20, 1885—Decided May 4, 1885.

When a creditor's bill in equity is properly removed from a State court to a Circuit Court of the United States on the ground that the controversy is wholly between citizens of different States, the jurisdiction of the latter court is not ousted by admitting in the Circuit Court as co-plaintiffs other creditors who are citizens of the same State as the defendants.

On appeal by defendants from a decree of a Circuit Court on a creditor's bill, in which the judgments are several, for the payment of amounts adjudged to creditors severally, this court has jurisdiction only over such as appeal from a decree for payment to a creditor of a sum, exceeding the sum or value of $5,000. As to all others the appeal must be dismissed.

In the absence of fraud a transfer by a debtor in Mississippi of all his property to one of his creditors in satisfaction of the debt is valid; nor is it invalidated if, before it was made, the same property had been transferred by the debtor to a trustee to secure the same debt in like good faith, by an instrument which was void under the statutes of Mississippi, by reason of its form and contents, and if the said trustee joins in the transfer by the debtor.

The facts in this case do not establish the charge that the sale of the property to the creditor was made with a purpose to hinder or defraud creditors.

This was a bill in equity by creditors to reach property of the debtor alleged to have been fraudulently transferred, as against the creditors.

*Mr. T. C. Catchings* for appellants.

*Mr. John F. Hanna* and *Mr. James M. Johnston* for appellees.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The appellees who composed the firms of Dunham, Buckley & Co., who were citizens of New York, and of Edwin Bates & Co., who were citizens of New York and South Carolina, filed their bill in equity, on July 14, 1881, in the Chancery Court of Jefferson County, Mississippi, against John W. Broughton, and Andrew Stewart, Andrew D. Gwynne, and P. H. Haley, composing the firm of Stewart Bros. & Co., and others, all of whom were citizens either of Mississippi or of Louisiana.

On September 16, 1881, the complainants filed a petition for the removal of the cause from the State court to the Circuit Court of the United States for that district, on the ground of citizenship, the amount in controversy being in excess of $500 in value, and presented a bond in conformity with the provisions of law. This was denied, notwithstanding which a certified transcript of the proceedings in the cause was filed in the Circuit Court on November 3, 1881, and that court proceeded thereon to final decree.

The complainants in the bill were creditors severally of Broughton, and its object and prayer were to set aside a conveyance of a stock of merchandise, made by him to the defendants Stewart Bros. & Co., alleged to be fraudulent as against his creditors, and was filed on behalf of the complainants and all other creditors who might come in and share the costs of the litigation.

After the cause was removed into the Circuit Court, the bill was amended by permitting Sigmond Katz, Jacob Katz, Nathaniel Barnett, and Selvia Barnett, partners as Katz & Barnett, and John I. Adams and W. H. Renaud, composing the firm of John I. Adams & Co., creditors respectively of Broughton, to become co-complainants. The members of the firm of Katz & Barnett are described as "resident citizens of and doing business in the City of New Orleans, State of Louisiana, and in the City of New York, State of New York." The citizenship

of those who constitute the firm of John I. Adams & Co. does not appear.

On final hearing, on November 25, 1882, a decree was rendered in favor of the complainants, finding that the transfer and conveyance of his property by Broughton to Stewart Bros. & Co., described in the pleadings, was made with the intent to hinder, delay and defraud the complainants and other creditors of Broughton, with the knowledge and connivance of Stewart Bros. & Co., and the same was thereby cancelled, set aside, and declared to be null and void. The decree proceeds as follows: "It appears to the court that complainants, at and before the making of said pretended transfer and conveyance, were, and still are, creditors of the said John W. Broughton, and that the amount due each of them respectively, including interest to this date, is as follows: Dunham, Buckley & Co., ten thousand two hundred and twenty-two $\frac{50}{100}$ dollars ($10,222.50); Edwin Bates & Co., four thousand three hundred and ninty-one $\frac{08}{100}$ dollars ($4,391.08); John I. Adams & Co., seven hundred and six $\frac{37}{100}$ dollars ($706.37) and Katz & Barnett, nine hundred and thirty $\frac{82}{100}$ dollars ($930.82). Total, sixteen thousand two hundred and fifty $\frac{77}{100}$ dollars ($16,250.77). It appears to the court that the defendant John W. Broughton is insolvent, and without property or means, and that the defendants Stewart Bros. & Co. had in their hands and possession, at the time of filing the bill of complaint in this cause, and still have, property, assets, and money, being the same fraudulently transferred and conveyed to them by the defendant John W. Broughton, as aforesaid, and the proceeds of the same, amounting to a sum largely in excess of the said sum of $16,250.77, due complainants as aforesaid. It is therefore ordered, adjudged and decreed, that the defendants, John W. Broughton and Andrew Stewart, Andrew D. Gwynne, and P. H. Haley, composing the firm of Stewart Bros. & Co., do pay to the complainants the above-mentioned sums respectively due them, with interest thereon at the rate of six (6) per cent. per annum from this date until paid, that is to say: To Dunham, Buckley & Co., ten thousand two hundred and twenty-two $\frac{50}{100}$ dollars ($10,222.50); to Edwin Bates & Co., four thousand three hundred and ninety-

one $\frac{08}{100}$ dollars ($4,391.08); to Katz and Barnett, nine hundred and thirty $\frac{82}{100}$ dollars ($930.82); and to John I. Adams & Co., seven hundred and six $\frac{37}{100}$ dollars ($706.37); for which amounts and costs executions in favor of said creditors respectively may issue as at law." The appeal is from this decree.

The appellants assign as error, that the court proceeded to decree, after admitting Katz and Barnett and John I. Adams & Co. as co-complainants, alleging, that, as the case then stood, it was without jurisdiction, as the controversy did not appear to be wholly between citizens of different States. This, of course, could have furnished no objection to the removal of the cause from the State court, because at the time these parties had not been admitted to the cause; and their introduction afterwards as co-complainants did not oust the jurisdiction of the court, already lawfully acquired, as between the original parties. The right of the court to proceed to decree between the appellants and the new parties did not depend upon difference of citizenship; because, the bill having been filed by the original complainants on behalf of themselves and all other creditors choosing to come in and share the expenses of the litigation, the court, in exercising jurisdiction between the parties, could incidentally decree in favor of all other creditors coming in under the bill. Such a proceeding would be ancillary to the jurisdiction acquired between the original parties, and it would be merely a matter of form whether the new parties should come in as co-complainants, or before a master, under a decree ordering a reference to prove the claims of all persons entitled to the benefit of the decree. If the latter course had been adopted, no question of jurisdiction could have arisen. The adoption of the alternative is, in substance, the same thing.

It is, however, objected by the appellees, Edwin Bates & Co., Katz & Barnett, and John I. Adams & Co., that, as to them respectively, this court has no jurisdiction of the appeal, for the reason that the decrees in their favor are several, and that the amounts adjudged to be paid to them respectively do not exceed the sum or value of $5,000.

On the authority of *Seaver* v. *Bigelows*, 5 Wall., 208; *Schwed*

v. *Smith,* 106 U. S. 188; *Farmers' Loan and Trust Co.* v. *Waterman,* 106 U. S. 265; *Adams* v. *Crittenden,* 106 U. S. 576; *Hawley* v. *Fairbanks,* 108 U. S. 543; and *Fourth National Bank* v. *Stout,* 113 U. S. 684, the motion to dismiss the appeal as to all the appellees, except Dunham, Buckley & Co., must be granted.

As to the remaining appellees, the cause must be disposed of on the merits. An outline of the transactions involved in the controversy is as follows: Broughton carried on business as a merchant in Rodney, Mississippi, and became indebted, by reason of advances made on account of cotton purchases, to the appellants, Stewart Bros. & Co., merchants in New Orleans, in about the sum of $34,000. Being pressed for payment on May 26, 1881, he gave his two promissory notes therefor, payable one in six, the other in eight, months after date, with interest at the rate of eight per cent. per annum; and, to secure the payment of the same, a written instrument of that date was executed, by which Broughton conveyed to C. J. Pintard all his stock of merchandise and assets and property, in trust, in case he should make default in the payment of the principal or interest of the notes, to sell the property conveyed, at public auction, for cash, to the highest bidder, at the request of the holder of the notes, on twenty days' notice. The instrument also contained the following provisions: "It is understood and agreed between the parties hereto, that the said party of the first part shall have the right to carry on the business as heretofore, for the purpose of selling off the stock of goods and collecting in the notes and accounts due and to become due, and, in order to enable said party of the first part to carry on said business, the said parties of the third part hereby agree to advance to him the further sum of one thousand dollars, which last amount is also understood and agreed to be included in and covered by this deed in trust, and to be due and payable six months after this date, the maturity of the first note." This paper, executed by all the parties, was recorded on May 27, 1881.

On June 13, 1881, having been advised that this conveyance was probably ineffectual and void as to other creditors, by rea-

son of its form and contents, Broughton and Pintard, the trustee, united in a conveyance of the same property unconditionally to Stewart Bros. & Co., in satisfaction of the debt represented by the notes, and the latter took possession of the property conveyed; and on the same day Broughton executed also a bill of sale, for the same property, upon the same consideration, to Stewart Bros. & Co.

It is contended by the appellees that these conveyances, the last as well as the first, are fraudulent against creditors, *per se*, and void on their face; and such was the ground of the decree appealed from, as stated in the opinion of the court. To this we cannot accede. Assuming that the conveyance to Pintard, in trust, was of that character, according to the law of Mississippi, it does not follow that the subsequent sale and transfer, followed by delivery of possession, is tainted by the vice of the original transaction. The objection we are considering assumes that the whole transaction, from the beginning, was free from actual and intended fraud, and was meant to be a mode of securing and paying an actual debt, in good faith, without any design injurious to other creditors, beyond that implied in obtaining a preference, which is not forbidden by law. In this view, the admission that the conveyance to Pintard was illegal does not affect the subsequent sale, which, on the contrary, being free from objection, on account of its own nature and form, served to remedy the defects in the original security. It was quite competent for the parties to rescind and cancel the first conveyance, and unite in the execution of another, free from objection. This is all they did.

It is further urged, however, that the sale to Stewart Bros. & Co., however formally correct, and technically legal on its face, was made in pursuance of a design, participated in by both parties, actually to hinder, delay and defraud the creditors of Broughton. On this point we have examined and weighed the evidence with attention and care, and are of opinion that it does not sufficiently establish the case of the appellees. It would not be profitable to rehearse the testimony, and point out the facts and circumstances relied on, on the one hand, to establish the fraud charged, and those, on the other, adduced

Opinion of the Court.

to rebut the suspicions of dishonest and unlawful combination to defeat the claims of honest creditors. It is sufficient, we think, to say, that the proof falls short of that which the law requires to establish so grave a charge.

It follows, that

*The decree in favor of James H. Dunham, William T. Buckley, and Charles H. Webb, partners as Dunham, Buckley & Co., must be reversed and the cause remanded, with directions to dismiss the bill as to them ; and it is so ordered. As to all the other appellees, the appeal is dismissed.*