CONWAY et al. v. OWENSBORO SAVINGS BANK & TRUST CO. et al.

(Circuit Court, W. D. Kentucky, at Owensboro. January 10, 1911.)

1. BANKS AND BANKING (§ 49*)—STOCKHOLDERS—DOUBLE LIABILITY—TRUST FUND.

The double liability of stockholders of a bank created by Ky. St. § 547 (Russell's St. § 2131), constitutes a trust fund which may be collected and administered by means of a suit in equity in the nature of a creditors' bill brought for the equal benefit of all creditors.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 71; Dec. Dig. § 49.*]

2. COURTS (§ 328*)—JURISDICTION—AMOUNT IN CONTROVERSY.

Where, in a suit by creditors of an insolvent bank to enforce the double liability of stockholders imposed by Ky. St. § 547 (Russell's St. § 2131), the amounts to be collected and administered, the amount of the claims of the complainants, and the gross amount of the liabilities which constitute the trust fund amounted to more than $2,000, the amount in controversy was sufficient to sustain federal jurisdiction, though the liability of each defendant did not exceed $2,000, exclusive of interest and costs.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 891; Dec. Dig. § 328.*

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

3. BANKS AND BANKING (§ 49*)—INSOLVENCY—STOCKHOLDERS — DOUBLE LIABILITY—ENFORCEMENT—NATURE OF PROCEEDING.

Since a suit against stockholders of an insolvent bank to enforce the double liability imposed by Ky. St. § 547 (Russell's St. § 2131), must be prosecuted for the equal benefit of all creditors entitled to share in the trust fund to be so collected, the entire matter should be determined in

one comprehensive suit to which all creditors may become complainants and in which all who owe or hold any of such trust fund may be made defendants either to the original bill or to a receiver's petition.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 71; Dec. Dig. § 49.*]

In Equity. Suit by John Conway and others against the Owensboro Savings Bank & Trust Company and others. On motion of T. J. Turley to dismiss. Denied.

Sweeney, Ellis & Sweeney and Clarence M. Finn, for complainants. J. D. Atchison, for defendants.

EVANS, District Judge. The court heretofore and before the defendant, T. J. Turley, was made a party to the action, in an opinion to be found in 165 Fed. 822, passed upon the questions which are again raised by his motion to dismiss the suit as to him for want of jurisdiction, and is not at all inclined to change its ruling, though it has again given the subject very careful consideration.

The complainants are creditors of the Owensboro Savings Bank & Trust Company, hereinafter called the "bank," in an amount exceeding $5,000 exclusive of interest and costs. They brought this suit in equity for the benefit of themselves and all other creditors of the bank to subject what we have held to be a trust fund, amounting to over $150,000, to the payment of all of the debts of the bank. The latter having become unable to pay its debts or to make good an impairment of its capital, a receiver for it had been appointed under the law of the state, and upon him devolved its property as distinguished from what is called the "double liability" of the holders of its capital stock. It is this double liability which was held to constitute a trust fund for the benefit of all of the creditors of the bank, under the provisions of sections 547 and 616 of the Kentucky Statutes (Russell's St. §§ 2131, 2256). Turley was a holder of 10 shares of the stock of the par value of $1,000, and for a like sum in addition he is sought to be held liable to the creditors as part of the trust fund created for their benefit by the statute.

Early in the action a receiver was appointed by the court, and he has collected some of the trust funds; but as to holders of stock who, at the outset, were made defendants, no direction to collect was given the receiver, the court being of opinion that proper practice would allow either a direct proceeding against the stockholders as defendants in the original action, as was done in Stutz v. Handley (C. C.) 41 Fed. 531, or a petition filed against them by the receiver himself in this cause without regard to amounts claimed, which was the course pursued in White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67. As those two forms of proceeding would be practically the same thing, no harm could come to stockholders.

Preliminarily two observations may be made:

First. An important question of jurisdiction, discussed in the opinion in 165 Fed. 822, was based upon the opinion of the court in Case v. Beauregard, 101 U. S. 691, 25 L. Ed. 1004. The fundamental prop-

osition announced in that case was explicitly reaffirmed in Wyman v. Wallace, 201 U. S. 242, 26 Sup. Ct. 495, 50 L. Ed. 738.

Second. In the matter of Jassoy Co., 178 Fed. 515, 101 C. C. A. 641, the Circuit Court of Appeals of the Second Circuit had before it a case which, in the absence of an authoritative construction by the Kentucky Court of Appeals of sections 547, 616, etc., of the Kentucky Statutes (Russell's St. §§ 2131, 2256), may be quite instructive. Section 56 of a statute of New York (Consol. Laws, c. 59) reads as follows:

"Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors to an amount equal to the amount unpaid on the stock held by him for debts of the corporation, contracted while such stock was held by him."

This section, in terms, applies only to balances due upon stock subscriptions; but the language providing that every holder of capital stock not fully paid for "shall be personally liable to its creditors" for a sum equal to the amount unpaid, while in harmony with the general equitable doctrine prevailing in the federal courts, nevertheless called for interpretation as it stood in the statute, and the Circuit Court of Appeals, through Judge Lacombe, and following the decisions of the New York courts, held (as we had theretofore held in this case, 165 Fed. 822–827) that the corporation had, under the statute, no claim to what was unpaid on the stock, and that such unpaid amounts went to the creditors and not to the debtor's assignee in bankruptcy.

We come now to the matter more directly involved in the pending motion.

In Handley v. Stutz, 137 U. S. 368, 11 Sup. Ct. 117, 34 L. Ed. 706, the Supreme Court, as we think, said all that is necessary to support the jurisdiction of this court in this case as against every person holding or owing any part of the trust fund which is sought to be administered for the benefit of all the creditors of the bank, independently of whether or not the amount so held and owing by any particular person is above or below $2,000.

Other illustrative authorities would seem to leave no doubts upon the subject. Pollard v. Bailey, 20 Wall. 520, 22 L. Ed. 376, and Hornor v. Henning, 93 U. S. 230, 23 L. Ed. 879, are cases which we conceive to be very analogous to the one before us, though in fact dealing with the converse of the proposition involved here. They were suits at law about matters which were held to be remediable only in equity. In those cases the Supreme Court states the grounds for holding that liabilities in substance like those with which we are concerned constitute a trust fund, the administration of which must be through a suit in equity for the benefit of all creditors.

In Stewart v. Dunham, 115 U. S. 61, 5 Sup. Ct. 1163, 29 L. Ed. 329, a bill had been filed in a state court by certain creditors (who were citizens of another state than that in which the suit was brought) for the benefit of themselves and all other creditors who might come in, to subject certain property which had been conveyed by the debtor in fraud of his creditors. The action was removed to the federal court under the law as it then existed. Afterwards certain other creditors who

were citizens of the state in which the suit was brought were joined as plaintiffs and asserted their demands against the common debtor. It was claimed that this ousted the jurisdiction of the Circuit Court; but the Supreme Court held otherwise, and at page 64 of 115 U. S., at page 1164 of 5 Sup. Ct. (29 L. Ed. 329), this language is used:

"The right of the court to proceed to decree between the appellants and the new parties did not depend upon difference of citizenship; because, the bill having been filed by the original complainants on behalf of themselves and all other creditors choosing to come in and share the expenses of the litigation, the court, in exercising jurisdiction between the parties, could incidentally decree in favor of all other creditors coming in under the bill. Such a proceeding would be ancillary to the jurisdiction acquired between the original parties, and it would be merely a matter of form whether the new parties should come in as co-complainants, or before a master, under a decree ordering a reference to prove the claims of all persons entitled to the benefit of the decree. If the latter course had been adopted, no question of jurisdiction could have arisen. The adoption of the alternative is, in substance, the same thing."

If this objection as to citizenship was not sufficient to defeat jurisdiction upon equally cogent reasons, an objection based upon the amount in controversy as between complainants and Turley is not sufficient. We think this proposition is obvious.

In Terry v. Little, 101 U. S. 218, 25 L. Ed. 864, the court said:

"The second ground of demurrer is equally fatal. The liability of the stockholders is several and not joint. Each stockholder is bound for his own share and no more. No judgment can be rendered against him for what another should pay. It follows that in an action at law each stockholder must be separately sued. In equity it is different, for there the decrees can be molded to suit the exigencies of the case, and each stockholder can be held liable and proceeded against for what he is bound to pay, and no more. Undoubtedly, under the provision of some charters, suits at law may be maintained by one creditor against one or more of the stockholders. The form and extent of a statutory liability of this kind depend upon the particular phraseology of the statute which creates the liability. All we decide is that, under this charter, the suit to enforce the liability should be in the nature of a suit in equity, by or for all creditors, and that it cannot be at law by one creditor for himself alone, against two stockholders who are jointly liable on account of the shares standing in their respective names."

In Hotel Co. v. Wade, 97 U. S. 20, 24 L. Ed. 917, it was said by Mr. Justice Clifford, in delivering the opinion of the court, that:

"Equity practice in such cases is more flexible than the rules of pleading at common law, and often enables a complainant in equity to maintain the jurisdiction of the court in a case where a plaintiff in an action at law would find it to be difficult to do so, and perhaps impossible."

In Putnam v. Timothy, etc., Carpet Co. (C. C.) 79 Fed. 454, Judge Clark held that, in a suit brought in behalf of all creditors to administer a trust fund, the amount to be administered determines the question of jurisdiction. This view may find support in McDaniel v. Traylor, 196 U. S. 415, 25 Sup. Ct. 369, 49 L. Ed. 533, and in Overby v. Gordon, 177 U. S. 214, 20 Sup. Ct. 603, 44 L. Ed. 741.

In Stanwood v. Wishard (C. C.) 134 Fed. 961, some of the complainants had debts of less than $2,000, and it was contended that the court was without jurisdiction as to them, but Judge McPherson overruled the contention; it being a suit brought by creditors of an insolvent cor-

poration on behalf of themselves and all other creditors. There is no apparent reason why the converse of this proposition is not equally sound.

White v. Ewing, 159 U. S. 38, 15 Sup. Ct. 1018, 40 L. Ed. 67, already referred to, and which went up from this circuit, strongly illustrates the proposition that in this suit persons might be sued by the receiver for less than $2,000 if the proceedings had taken that course.

Assuming that the court has jurisdiction of this cause, inasmuch as complainants demand and sue for more than $100,000, and also assuming that the double liability of the holders of stock in the bank is, under the Kentucky Statutes, as we have held, a trust fund, and that in order to collect and administer that trust fund a creditors' bill must be filed to which all creditors, whatever the amount of their demands, may, if so choosing, become parties, either as plaintiffs or by proving their claims under a reference, it would seem inevitably to follow that the amount of a claimant's debt is not material unless he is to be proscribed and excluded from participation in the trust fund because his debt is less than $2,000. And as the object of such a suit is to administer the trust fund as an entirety, and as that object would, to a large extent, be frustrated if the entire fund could not be administered in respect to those claims and those debts also which did not exceed $2,-000 (which might constitute the major part of the trust fund), it would seem logically and certainly to follow that in such a suit any person was a proper party defendant who had in his possession any part of the trust fund, whether the part of it so held by him amounted to over $2,000 or not. Obviously it would be excessively inconvenient, if not intolerable, to require the creditors to sue each holder of part of the fund separately, or to bring two suits—one against large and another against small stockholders—and then to bring another suit for the distribution of the fund after it had been gathered in. One comprehensive suit like this as to all of those in whose hands any part of the trust fund is outlying and who are within the district and within reach of the court's process would accomplish the essential result of an equal distribution of the fund without multiplicity of actions. The jurisdiction of the court at the suit of creditors to gather in and distribute a trust fund created for their benefit is clear. That is the principal object of this suit. This carries with it as an inherent incident the right to compel those persons to pay who have in their hands any of the fund to be administered, and, the court otherwise having jurisdiction, it becomes quite immaterial whether the amount of the trust funds so held by one individual defendant is more or less than $2,000.

We therefore do not doubt the soundness of the following propositions, viz.:

First. That the double liability of the stockholders constitutes a trust fund.

Second. That that liability can only be enforced and the trust fund administered by means of a suit in equity in the nature of a creditors' bill brought for the equal benefit of all creditors.

Third. That either the amount of the trust fund to be collected and administered must determine the question of jurisdiction, as held by

Judge Clark, or else the amount of the debts of the complainant or else the gross amount of the liabilities which constitute the trust fund must do so.

Fourth. That, as such a suit as this must be prosecuted for the equal benefit of all creditors entitled to share in the trust fund, it is manifestly proper to hold that one comprehensive suit having that object in view, and in which all creditors may become complainants, and in which all who owe or hold any of the trust funds may be made defendants, either to the original bill or to a receiver's petition, is the only permissible course to be pursued alike for convenience, economy, and an equitable adjustment of the rights of all parties in interest.

We are entirely clear in the conviction that the motion to dismiss the bill as to Turley should be overruled.