GILLISPIE v. RIGGS et al.

(District Court, N. D. West Virginia. January 19, 1918.)

No. 859.

1. FRAUDULENT CONVEYANCES ⬤⟶241(2)—SETTING ASIDE—FEDERAL COURTS—JURISDICTION—SURETIES.

Though complainant recovered a decree in the state court against the executor of his father's estate for a devastavit committed by such executor, that decree does not establish the liability of the sureties on the executor's bond, so as to warrant complainant in maintaining a suit in the federal court to, enjoin such sureties from disposing of their property until the decree should be satisfied, for a federal court of equity is without jurisdiction to intervene to set aside fraudulent conveyances of a debtor at the instance of a creditor whose debt is not acknowledged

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

or established by a judgment rendered, accompanied by a right to the appropriation of the property to payment, and the sureties, though the decree established the devastavit, might defend on the ground that the bond was a forgery, etc.

2. INJUNCTION ⬮⟶44—JURISDICTION—ADEQUATE REMEDY.

In such case, could the judgment against the executor alone be held as giving complainant a right to the appropriation of the property of the sureties, such judgment would necessarily carry with it a vested and superior right in the court rendering the same to at once take possession and dispose of the property under execution against the executor, and hence a suit in equity in the federal court to enjoin disposition thereof should be dismissed, being unnecessary, complainant already having an adequate remedy.

3. CONSTITUTIONAL LAW ⬮⟶315—DUE PROCESS OF LAW—DEPRIVATION OF PROPERTY.

Could a decree against an executor for a devastavit committed by him as such be deemed to give complainant the right to appropriate the property of the sureties under execution against the executor, the exercise of such right would be in violation of the due process of law clause of Const. U. S. Amend. 14.

In Equity. Bill by John J. Gillispie against C. B. Riggs and others. On motion to dismiss the bill. Motion sustained.

Arlin G. Swiger and J. Hanford McCoy, both of Sistersville, W. Va., Thos. P. Jacobs, of New Martinsville, W. Va., and David F. Pugh, of Columbus, Ohio, for plaintiffs.

Boreman & Carter and C. B. Riggle, all of Middlebourne, W. Va., Arthur S. Dayton, of Philippi, W. Va., and Charles Edgar Hogg, of Point Pleasant, W. Va., for defendants.

DAYTON, District Judge. The plaintiff, Gillispie, has recovered a decree in the state court against Walter R. Smith, the executor of his father's estate for a devastavit committed by him as such executor. He has instituted an action of debt on the law side of this court against Riggs and others, as sureties upon the official bond of such executor, and also filed this bill seeking to enjoin these sureties from disposing of their property until his decree is satisfied by them. Such sureties were not parties to the proceeding in the state court wherein the decree was rendered. This cause comes on upon the motion of defendants to dissolve the temporary injunction and dismiss the bill.

[1] The cases of Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358, Cates v. Allen, 149 U. S. 452, 13 Sup. Ct. 883, 977, 37 L. Ed. 804, Hollins v. Brierfield C. & I. Co., 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113, and Adler v. Fenton, 24 How. (65 U. S.) 407, 16 L. Ed. 696, deny absolutely the right of federal courts of equity to intervene to set aside fraudulent conveyances or transfers of a debtor's property at the instance of his creditor, who, in the language of the court in Scott v. Neely, has not "an acknowledged debt, or one established by a judgment rendered, accompanied by a right to the appropriation of the property of the debtor for its payment." It is there further held that the right of trial by jury guaranteed by the Seventh Amendment to the Constitution "cannot be dispensed with except by

⬮⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the assent of the parties entitled to it," and the court approves the statement made by Chancellor Kent in Wiggins v. Armstrong, 2 Johns. Ch. (N. Y.) 144, that a creditor, "unless he has a certain claim upon the property of the debtor has no concern with his frauds." The court further in this case considers the prior cases of Clark v. Smith, 13 Pet. 195, 10 L. Ed. 123, and Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52, cited in opposition, and distinguishes them, and in the subsequent case of Cates v. Allen, affirming Scott v. Neely, the court distinguished further the cases of Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873, and in the dissenting opinion, filed by Justice Brown and concurred in by Justice Jackson, the cases of Dewey v. West Fairmont G. C. Co., 123 U. S. 329, 8 Sup. Ct. 148, 31 L. Ed. 179, Stewart v. Dunham, 115 U. S. 61, 5 Sup. Ct. 1163, 29 L. Ed. 329, and Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827, relied upon by these two dissenting Justices, were in practical effect distinguished or overruled by the majority, so far as in conflict with Scott v. Neely.

Therefore this bill in equity must depend on whether its plaintiff has "an acknowledged debt, or one established by a judgment rendered, accompanied by a right to the appropriation of the property of the debtor for its payment." The plaintiff insists that he has such debt by reason of the decree obtained by him against the principal in the executorial bond, in other words, that his debt is "established by a judgment rendered," and reliance is especially made upon Stovall v. Banks, 10 Wall. (77 U. S.) 583, 19 L. Ed. 1036, holding:

"Sureties in an administration bond are bound by a decree against their administrator finding assets in his hands, and nonpayment of them over to the same extent to which the administrator himself is bound. They cannot attack collaterally a decree made against him on such a subject."

This case came from Georgia, and, so far as I can discern, declared a common-law principle unaffected by statute. It is insisted by the counsel for these sureties here that such common-law principle has been modified in this state by statute (sections 23 and 24, c. 85, Code), carried into our Code from the Virginia Code of 1849 through sections 23 and 24, c. 130, Code Virginia 1860. It is not my purpose to construe these Code provisions and their effect upon the common-law principles enunciated in Stovall v. Banks; that must come, I conceive, upon the trial of the action at law pending between the parties; but admitting, for the purpose of this motion, the full effect that can be claimed for the ruling of Banks v. Stovall, I am compelled to the conclusion that it cannot save this bill from the effect of the ruling in Scott v. Neely and like cases, for several reasons:

First. As against these sureties while the judgment against the executor may bind them to admit he had assets, and devastated the same to the full amount ascertained by the decree against him, it does not compel either their assent (a) that they are bound to pay such sum, nor (b) give the plaintiff, by reason thereof, the "right to the appropriation of their property for its payment." As to the first proposition: There are a number of independent defenses which, as sureties, under given circumstances, they could make; as, for example, that

they did not sign or execute the bond—that it was a forgery; that, since the execution of it, the plaintiff, as beneficiary in it, has released them from its obligation; that their principal has, since the decree or judgment rendered against him and return of nulla bona on execution, paid the debt, or a part of it; or that they have, as sureties, paid it or a part of it.

[2] As to the second proposition, if this judgment against the executor alone is to be held as giving the plaintiff the "right to the appropriation of the property of these sureties, for its payment," it must necessarily, being a right conferred by legal adjudication, carry with it a vested and superior right in the court rendering the judgment to at once take possession of and dispose of such property, and both the pending law cause, and this chancery one, would have no excuse for their institution. In other words, the execution that was issued against the executor could have been levied on the goods and chattels of these sureties and the judgment could have been docketed and enforced by sale of their real estate.

[3] This is not claimed, and never has been claimed, could be done, and would at once be held to violate the due process clause of the Fourteenth Amendment.

I therefore conclude this bill cannot be maintained, and the motion to dismiss it must be sustained.