**CENTRAL R. CO. OF NEW JERSEY v. CENTRAL HANOVER BANK & TRUST CO. et al. (FRANKLIN SAV. INSTITUTION OF NEWARK et al., Intervenors).**

District Court, S. D. New York.
Oct. 4, 1939.

Charles E. Miller, of New York City, for plaintiff.

Larkin, Rathbone & Perry, of New York City (Frank H. Heiss, of New York City, of counsel), for defendant Central Hanover Bank & Trust Co., as trustee.

John A. Dutton, of New York City (Leone Pecoraro, of New York City, of counsel), for defendant New York Sav. Bank.

Fred N. Oliver, of New York City (Edward H. Powell and Willard P. Scott, both of New York City, of counsel), for all defendants other than Central Hanover Bank & Trust Co., as Trustee, and New York Sav. Bank.

Willard P. Scott and Edward H. Powell, both of New York City, for intervenors.

WOOLSEY, District Judge.

The plaintiff may have judgment, without costs, ordering the Trustee to release to the plaintiff the properties mentioned in the complaint.

I. My subject matter jurisdiction in this cause is based on diversity of citizenship. ■ The plaintiff is a New Jersey corporation, and all the defendants against whom service of process has been made herein are corporations of other States than New Jersey; and although some of the intervenors are citizens of New Jersey, their intervention does not unsettle the jurisdiction vested in this Court by reason of the original diversity of citizenship. Cf. Supreme Tribe of Ben Hur v. Cauble et al., 255 U.S. 356, 365, 366, 41 S.Ct. 338, 65 L.Ed. 673; Stewart v. Dunham, 115 U.S. 61, 64, 5 S.Ct. 1163, 29 L.Ed. 329.

■ II. I find that there is an adequate representation of the cestuis of the indenture. Fifty-two and ninety-three one hundredth percent of the bonds issued under the indenture here involved are now in Court, and, in addition, practically the entire body of bondholders have been served with notice of the pendency of this cause in pursuance of an order issued by Judge Mandelbaum, and no one so notified has intervened or objected to the relief sought herein.

■ III. In view of Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is now a work of supererogation to write a considered opinion on the facts or law in a nonjury cause or proceeding, for its place will be taken by formal findings of fact and conclusions of law separately stated.

In this proceeding, therefore, I will only refer to such facts as I think explain my decision and give a statement of my conclusions of law thereon.

The facts which I state must be supplemented by other facts to be proposed by the plaintiff when it submits its findings for my approval.

IV. If it were not for the fact that I had occasion to deal very fully with the subject matter which I have now before me a few years ago in the case of T. J. Moss Tie Company v. Wabash Railway Company, D.C., 11 F.Supp. 277, I should have found it necessary to reserve my decision in this cause and to deal with it more at large than I shall in this memorandum opinion. But I cannot add anything to what I have already said in the Moss case on the principles involved in causes of this kind. I shall consequently merely content myself with a short summary of my views.

V. I find it would be for the benefit of the trust estate and of the Railroad Company as settlor of the trust to get rid of all six parcels of land mentioned in the complaint which have been the sub-

828

ject matter of so much evidence during the trial of this cause. I will leave the findings of fact to deal in detail with them.

■ VI. I also find on looking up the New Jersey case of Baker v. East Orange, 95 N.J.L. 365, 111 A. 681, affirmed without opinion by the Court of Errors of New Jersey under the same name in 96 N.J.L. 267, 114 A. 926, that in New Jersey, unless there is a special act to the contrary, all real estate taxes are imposed on the land only and are, so to speak, in rem, and do not impose a personal debt on the landholder.

■ Although there are exceptions to this general rule, owing thereto—in cases such as are here involved—once the landowner gets free of the land he is free of any further tax liability in respect thereof.

■ The risk of allowing a situation such as that herein shown to continue is that there might possibly be a change in legislative policy in New Jersey which would expand the in rem liability of the land for taxes to an in personam liability on the owner of the land. It seems to be appropriate, therefore, on the record here shown at once to give the plaintiff relief under its general prayer.

Therefore, if the Trustee under my jurisdiction herein releases by appropriate quittances to the Central Railroad of New Jersey the six tracts in question here, the Railroad, having them free from the lien of the mortgage, will then be in a position in turn to deal vis-a-vis the taxing authority with the question of over due taxes on the said tracts in such manner as it may be advised and rid itself of all future taxes thereon.

VII. The plight in which the Central Railroad Company of New Jersey finds itself seems to be due to a number of causes which it is not necessary here to set out in detail, but among them is the decrease in the use of anthracite as a fuel due to competing fuels, e. g., gas and oil, and the changes in routing of such anthracite as does go to the seaboard here and to New England, and to the change by the use of motor trucks in the method of transporting anthracite, which was for a long period the main commodity carried by the Central Railroad Company of New Jersey.

VIII. It has been shown beyond peradventure, and I find, that the particular six tracts of land in question here never had been needed, are not now needed, and expectably never will be needed for railroad yards or other railroad uses.

Consequently, it seems to me it is perfectly appropriate for me to order the Trustee to get rid of what in effect is not an asset to the trust estate but approaches at least nothing but a liability, by releasing these tracts to the Railroad Company which is the settlor of the trust.

IX. I also find that it has been shown that the Railroad Company is not financially in a position to substitute other property in place of these six tracts, and also that it would be very difficult to determine of what value, if any, these tracts are to the trust estate because, as has been testified, it has not been possible to sell them and their position seems to indicate that, whilst they are waterfront properties and as such might be of some value, their actual value has been practically destroyed by the tax liens now on them.

■ X. In pursuance of Rule 52(a) of the Rules of Civil Procedure, the attorneys for the plaintiff must prepare in accordance with this opinion and submit to me through the Clerk's office findings of ultimate facts and the conclusions of law herein indicated. I do not want any details of evidence submitted as findings of ultimate facts. But, as above indicated, there should be findings of fact additional to those herein mentioned in order that a full record of the situation now facing the plaintiff may be made and the juridical result of this carefully tried cause preserved.

■ All proposed findings of fact and conclusions of law submitted to me must be typed in triple spacing so that I may conveniently correct them if I wish to do so.

■ Attorneys for the plaintiffs must give five days' notice of their proposed findings of fact and conclusions of law to the attorneys for the defendants.

■ In submitting his findings of fact, the attorney for the plaintiff must also submit a short memorandum indicating the pages of the evidence on which each finding proposed by him is based. It is a very simple matter and makes it possible for me to look up any question about which I may be in doubt.

■ Attorneys for the defendants, if they are so advised, may on the return day of such notice submit to me and serve on the plaintiff's attorney criticisms of the findings of fact proposed by him.

As under Rule 52(a) only findings of fact and conclusions of law which I sign will be filed as part of the record herein, I suggest this course for the defendants' attorneys because counter findings will not avail them anything. They must take their objections, if any, to my findings by way of appropriate assignments of error on any appeal which they may take.

After the findings of fact and conclusions of law have been signed by me, a final judgment for the plaintiff in accordance herewith, and without costs, may be submitted to me through the Clerk's office for signature.