## WILLIAMS et al. v. KEYES et al.
### No. 9913.

Circuit Court of Appeals, Fifth Circuit.
Jan. 30, 1942.

Rehearing Denied March 10, 1942.

J. M. Flowers, of Miami, Fla., and Sol Weiss, of New Orleans, La., for appellants.

M. Lewis Hall, E. B. Kurtz, and W. L. Reed, all of Miami, Fla., and Louis C. Guidry, of New Orleans, La., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Kenneth S. Keyes and others, the successful litigants in an action in Florida, filed suit in the State Court against United States Fidelity and Guaranty Company of Baltimore, Maryland, the surety upon a supersedeas bond. The bond was signed by the surety company and by the principals, Robert R. Williams, "As Mayor-Commissioner of City of Miami, Florida"; John W. DuBose, "As Commissioner of City of Miami, Florida"; Ralph B. Ferguson, "As Commissioner of City of Miami, Florida"; and Anna M. Perry, "As Commissioner of City of Miami, Florida". Suit upon the bond was filed solely against the surety company which in due time filed petition for removal setting up the fact that plaintiffs were citizens of Florida, and that it was a non-resident defendant. The suit

was thereupon removed to the United States District Court.

After removal of the cause, the defendant surety company acting under the provisions of Rule 14(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, filed its complaint and brought Williams, Ferguson, DuBose, and Perry into the cause as third-party defendants. In its complaint the company alleged that the third-party defendants were liable as principals upon the bond; and further that at the time of the execution of the bond each of them had entered into contract whereby they agreed to "indemnify and save harmless United States Fidelity and Guaranty Company from all loss or damage which it might sustain by reason of its execution of said supersedeas bond as surety". These four separate indemnity agreements, which had been signed by the parties in their individual capacities, were filed as exhibits and made a part of the third-party complaint.

The third-party defendants filed a motion to remand the cause to the state court on the ground that the controversy was not one wholly between citizens of different states. They contended that they, like plaintiffs, were citizens of Florida, and that the liability of the bond obligors "if any, is joint and not a several liability". They further moved to dismiss the suit, alleging that the complaint failed to state a claim, and' that the court lacked jurisdiction over the subject matter of the suit. The motion to remand was denied, and without further material pleadings the cause proceeded to trial. The jury found the issues in favor of the plaintiffs and assessed damages against the surety company in the sum of $4,356. The jury also returned a verdict for $4,356 in favor of the surety company against the third-party defendants. Pursuant to these verdicts judgments were entered, and the third-party defendants have appealed.

The appellants contend here as they did below that the obligation of the principals and surety was joint, not joint and several; that the plaintiffs, Keyes and others, were bound under Florida law to sue all the joint obligors; and that since they were citizens of Florida, the jurisdictional prerequisite of diversity of citizenship was lacking.

The bond does not provide in specific terms whether the obligation of the principals and surety is joint, or joint and several. A reading of the bond leads to the conclusion that the liability of the obligors is joint and several, and this conclusion is borne out by the terms of the several indemnity agreements executed by the principals at the time of the execution of the bond. If, however, the obligation was joint, and not joint and several, appellants stand no better. The plaintiffs elected to sue the surety company alone. It made no defense on the ground of nonjoinder of parties defendant, and thereby waived the point. The record discloses no collusive attempt by plaintiffs and defendant to establish federal jurisdictional requirements. At the time of removal, the cause stood bona fide as one between resident plaintiffs and a single non-resident defendant. Federal jurisdiction was then shown, and the fact that citizens of Florida were brought in as third-party defendants subsequent to removal did not divest the federal court of jurisdiction. The court properly refused to remand the cause to the state court. Wichita Railroad & Light Co. v. Public Utilities Comm., 260 U.S. 48, 54, 43 S.Ct. 51, 67 L.Ed. 124; Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L.Ed. 93; Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329; Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Bossard v. McGwinn, D.C., 27 F.Supp. 412; Sklar v. Hayes, D.C., 1 F.D.R. 415.

In the case at bar the rights of the third-party defendants were in no way prejudiced by removal of the cause to the federal court. Outmoded technicalities and refinements of procedure no longer obtain in federal courts; the object of the new rules being to facilitate the trial and disposition of causes and all matters in controversy upon their merits. Here appellants were properly before the court under the provisions of Rule 14(a), 28 U.S.C.A. following section 723c. They could have interposed any defenses they had, or that the defendant surety company had, and failing to there and then avail themselves of these rights they may not now be heard to complain.

The provisions of the bond and the indemnity agreements support the judgments entered and they will not be disturbed.

Affirmed.