## GALBRAITH v. BOND STORES, Inc., et al. (two cases).

### Nos. 1868, 1869.

District Court, W. D. Missouri, W. D.

Jan. 4, 1945.

Leo B. Parker and Parker & Knipmeyer, all of Kansas City, Mo., for plaintiff.

Lowell R. Johnson and Alfred Kuraner, both of Kansas City, Mo., for defendants.

REEVES, District Judge.

Facts pertinent to these motions are identical in both cases and are not questioned.

The suits were originally filed by the resident plaintiffs against the corporate non-resident defendant alone. The amount in controversy being sufficient and there being a clear diversity of citizenship, no question then arose as to the right of removal. While both cases were properly pending in this court after removal, the plaintiffs filed amended complaints and, in so doing, brought in as a party defendant in each case the local resident, Charles W. Fisher.

As the facts are presented here by verified motion to remand, the amendment was made by leave of court and with the consent of the corporate non-resident defendant. The only question now presented is whether this court, having once properly acquired jurisdiction of the parties and the subject matter, has lost such jurisdiction by reason of the introduction of a resident as a co-defendant, thereby destroying the diversity of citizenship. Counsel have presented authorities which apparently are not in harmony on the question. Such authorities have been carefully examined and analyzed.

1. It·is the contention of the corporate non-resident defendant that jurisdiction having been once acquired such jurisdiction cannot be divested by acts of the parties either in amending the pleadings or by changing the citizenship of any of the parties.

The Court of Appeals, Eighth Circuit, in Highway Const. Co. et al. v. McClelland, 8 Cir., 15 F.2d 187, loc. cit. 188, in a per curiam opinion, said: "While it is the general rule that jurisdiction, once having attached, will not be devested by subsequent events, yet there is this exception to the rule: The plaintiff, after jurisdiction has attached, may so change his pleading voluntarily that the court will no longer have·jurisdiction on the face of the pleading. If this is done, it then becomes the duty of the court to remand the case, if it be a removed case."

The court cites a large array of au-'thorities in support of this rule. The strongest case opposed to the exception is that of Southern Pacific Co. v. Haight, 9 Cir., 126 F.2d 900, loc. cit. 903. The Ninth Circuit Court of Appeals in an exhaustive opinion committed itself as follows: "Where a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved or in the cause of action pleaded."

The court cited in support of its proposition a number of cases. Certiorari was denied by the Supreme Court, 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542.

The cases cited in the Southern Pacific case, supra, have been examined. The

case of Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334, was not in point. The opinion was delivered by former Chief Justice Hughes. The suit was originally filed in a state court and removed on the ground of a separable controversy. On the same day that the case was removed an amended complaint was filed in the state court containing averments "that the action was brought against the Southern Pacific Company under the Federal Employers' Liability Act." Quite clearly the case would not have been removable if such averments had appeared in the original complaint. The Circuit Court of Appeals ordered a remand of the case because of the averments in the amended complaint. The Supreme Court, 305 U.S. loc. cit. 537, 59 S.Ct. loc. cit. 349, simply said: "The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal."

It is obvious that this case is not helpful on the questions here presented.

Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 1164, 29 L.Ed. 329, was also cited in the Southern Pacific case. Adverting to that opinion: It was a creditor's bill filed on behalf of the complainants, "and all other creditors choosing to come in and share the expenses of the litigation." As the suit was originally brought, there was a diversity of citizenship. This diversity was made debatable by the introduction of other creditors by amendment to the complaint. The court said, 115 U.S. 61 loc. cit. 64, 5 S.Ct. 1163, loc. cit. 1164, 29 L.Ed. 329: "The right of the court to proceed to decree between the appellants and the new parties did not depend upon difference of citizenship; because, the bill having been filed by the original complainants on behalf of themselves and all other creditors choosing to come in and share the expenses of the litigation, the court, in exercising jurisdiction between the parties, could incidentally decree in favor of all other creditors coming in under the bill. Such a proceeding would be ancillary to the jurisdiction acquired between the original parties, and it would be merely a matter of form whether the new parties should come in as co-complainants, or before a master, under a decree ordering a refer-

ence to prove the claims of all persons entitled to the benefit of the decree. If the latter course had been adopted, no question of jurisdiction could have arisen. The adoption of the alternative is, in substance, the same thing."

The case of Phelps et al. v. Oaks et al., 117 U.S. 236, 6 S.Ct. 714, 716, 29 L.Ed. 888, was also cited, and is frequently relied upon to support the proposition that jurisdiction once acquired cannot be divested. It involved an action against a tenant for possession of real estate. The state court had no jurisdiction over the landlord. However, the landlord appeared, as provided by a Missouri statute, and was made a co-defendant. This destroyed diversity of citizenship. The question of jurisdiction was again mooted. In upholding jurisdiction, the court said: "The controversy, so far as the Zeidlers (the landlords) were interested in it, was of their own seeking, and as their rights could not be concluded by a judgment against the tenant, they were not in a position to insist that the plaintiffs should forego their legal right to proceed against the most convenient defendant. The landlord could defend the possession of the tenant, as it was his right and duty to do on notice of the action, but he could do so as well in the name of the tenant as in his own. At any rate, the plaintiffs had a right to eject the defendant, who actually and unlawfully withheld from them possession of their lands; and it is not correct to say that the controversy in law is with the landlord in virtue of whose claim of title the wrongful possession is maintained."

The court then said, as an innuendo and a corollary: "Much less can the plaintiff's right to prosecute his action in the courts of the United States, once vested, be defeated by imposing upon him an adversary against whom he cannot maintain the jurisdiction of these tribunals."

In the case at bar, the resident defendant was brought into each case with leave of the court and by the consent of the nonresident defendant.

2. When the local defendant was brought into the cases there was no longer a diversity of citizenship and the court was divested of jurisdiction. To hold otherwise would enable defendants, by collusion, to confer jurisdiction upon this court when in fact there is none. Such is not the law.

3. In the Southern Pacific case the court also cited Daland v. Hewitt Soap Co., Inc., D.C., 27 F.Supp. 482, 484. An examination has been made of that case. A situation similar to the one present here existed there. The District Judge relied on the cases heretofore discussed and ended the discussion by saying, "that despite the plaintiff's effort the amendment still shows a removable controversy."

The Fourth Circuit Court of Appeals in City of Orangeburg v. Southern R. Co., 4 Cir., 134 F.2d 890, quite aptly and logically discussed the reasons why in specific cases a remand after amendment bringing in new parties was not justified. The new parties were not necessary nor indispensable, or the rights of the new parties were deemed merely ancillary, to the main purpose of the suit.

4. In all the judicial discussions it has been left to Honorable Francis J. W. Ford, U. S. District Judge for the District of Massachusetts, to present the law concisely and accurately on this debatable subject. He did that in Johnson v. G. J. Sherrard Co., D.C., 2 F.R.D. 164, loc. cit. 165. Judge Ford said:

"Jurisdiction of this court over the instant case is based solely on diversity of citizenship. It is true that jurisdiction thus obtained is not lost if subsequently other parties, lacking in the requisite diversity of citizenship, come into the case, if the subsequent proceeding is ancillary to the main case and cannot properly be regarded as a separate and independent new suit. * * * This principle has frequently been invoked to allow a defendant to bring in a third party under Rule 14 even though the requisite diversity of citizenship between defendant and third-party defendant, or between plaintiff and third-party defendant, is lacking. * * *

"These cases all hold that in ancillary proceedings jurisdictional requirements may be disregarded."

5. In the instant case, the non-resident defendant and the local defendant are jointly and severally liable according to the averments of the complaint. They are coordinate defendants; neither is subordinate to the other. The local defendant was not a necessary nor an indispensable party. It was the right of the plaintiffs to obtain satisfaction of their claims out of either or both of the defendants. In the first instance they each elected to sue the non-resident defendant. Later, by leave of the court and by consent of the non-resident defendant, the complaint was amended so as to bring into the litigation the local defendant. Immediately that this was done the court lost jurisdiction, as is contemplated by Rule 13, paragraph (h) Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It is there provided that additional parties may be brought in "if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action." Rule 82, of the Rules of Civil Procedure for the District Courts of the United States forbids a construction of the new rules either "to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

6. The remaining question is whether this case should be remanded to the state court from which removed. Originally it was properly removed. Now that this court has lost jurisdiction, the question arises whether the case should be dismissed or remanded. The state court originally had jurisdiction, otherwise, the case could not have been removed. The federal court under the law had a superior jurisdiction. By the voluntary act of the parties this court has lost its jurisdiction and the state court should be reinvested with the jurisdiction it not only originally had, but would still have even with the new defendant. It would not be proper to dismiss the cases and put the burden upon the plaintiffs to institute new suits.

In view of the foregoing the motion to remand should be sustained and each of the cases returned to the court from which removed. It will be so ordered.