NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued August 8, 2018
Decided August 27, 2018

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 18-1430 <br><br> ANGELO PECORARO and ANTONINA PECORARO, *Plaintiffs-Appellants,* <br><br> *v.* <br><br> MENARD, INC., *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 16 CV 6637 <br> Manish S. Shah, *Judge.* |

**Order**

Angelo Pecoraro, and his wife Antonina Pecoraro, filed this suit in Illinois against Menard, which they alleged had failed to maintain a safe place for Angelo to shop. Angelo contends that, while he was retrieving some wooden trim, a misshapen piece caused others to fall and injure him. (Antonina's claim for loss of consortium is derivative from Angelo's.) Menard removed the suit to federal court under the diversity jurisdiction, 28 U.S.C. §1332, and the district judge granted summary judgment to Menard.

The notice of removal is defective. It asserts that each plaintiff has a claim alleged (in state court) to be worth at least $50,000, and that adding the two together brings the to-

tal to at least $100,000, exceeding the federal threshold of $75,000. Yet it has long been established that the claims of multiple plaintiffs cannot be aggregated to meet the jurisdictional minimum. See, e.g., *Clark v. Paul Gray, Inc.*, 306 U.S. 583, 589 (1939); *Stewart v. Dunham*, 115 U.S. 61, 64–65 (1885); *Bernards Township v. Stebbins*, 109 U.S. 341, 355 (1883). The notice of removal also asserts that Illinois treats a victim's tort claim and a spouse's claim for loss of consortium as one undivided whole, but at oral argument counsel for Menard conceded that this is not so; Illinois treats these as legally distinct claims, which may be sued on and collected separately.

We directed the parties to file supplemental jurisdictional memoranda after argument, drawing their attention to 28 U.S.C. §1653, which permits jurisdictional allegations to be amended even while a suit is on appeal. Both Menard and the Pecoraros responded by amending the jurisdictional sections of their appellate briefs. Menard did not file an amended notice of removal; neither side amended any of the other jurisdictional pleadings that had been filed in the district court. That's not what we contemplated, nor is it what §1653 authorizes. It is tempting to throw up our collective hands and direct a remand to state court.

Despite our frustration with the conduct of both sides' counsel, a remand to state court would not be productive. The case would come back to federal court like a yo-yo, this time with the proper allegations. Menard's current assertions about the nature of Angelo's injury and the need for long-term treatment, if put in a notice of removal (or some other amended jurisdictional pleading) would suffice to show a nonfrivolous claim by Angelo alone to more than $75,000 in damages. The Pecoraros do not disagree; their amended brief does not assert that Angelo's damages fall below the jurisdictional minimum. Section 1332 accordingly has been satisfied. Cf. *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969); *Schlesinger v. Councilman*, 420 U.S. 738, 745 n.9 (1975).

With respect to the merits, the district court's opinion explains why plaintiffs' claim depends on speculation of a sort that Illinois substantive law does not permit. We agree with that conclusion and need not add to it.

AFFIRMED