**Floyd WILLIAMS et al., Plaintiffs,**

**v.**

**HUMBLE OIL & REFINING COMPANY, Defendant.**

**Civ. A. No. 14312, Division B.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 29, 1964.

Moise S. Steeg, Jr., of Steeg & Shushan, New Orleans, La., for plaintiffs.

L. K. Benson, H. H. Hillyer, Jr., and Perrin C. Butler, of Milling, Saal, Saunders, Benson & Woodward, and Charles Janvier, Bernard Caillouet, Peter Monrose, Jr., and Donald Smiley, New Orleans, La., for defendant.

FRANK B. ELLIS, District Judge.

This is a class action instituted by mineral lessors against their mineral lessee to recover damages for breach of contract and fraud. Three plaintiffs here sue in behalf of some seventy-six mineral and royalty owners of the "Floyd Williams Lease" which encompasses 997.19 acres, more or less, in the North Crowley Field, Acadia Parish, Louisiana.[1] The named plaintiffs are all residents of Louisiana, defendant is a Delaware corporation having its principal place of business in the State of Texas, and the total amount in controversy, alleged to involve 30 million barrels of oil, exceeds the sum or value of $10,000.00 exclusive of interest and costs. 28 U.S.C.A. § 1332(a) (1).

Pursuant to Rule 12(b),[2] defendant lessee has filed a motion to dismiss the breach of contract cause of action. The motion is based on four grounds, the first being that this Court lacks jurisdiction since indispensable parties, whose presence would destroy diversity, have not been joined. The second urges that nonjoinder of indispensable parties is fatal, and the third ground alleges generally that this is not a proper class action. If this is a proper class action the first two propositions must fall.

1. Originally there were eight plaintiffs. On April 28, 1964, an order was signed permitting attornies for five plaintiffs to withdraw as counsel of record. Thereafter a "motion for order permitting amendment of complaint to drop parties plaintiff" was filed on behalf of Floyd Williams, Frederick C. Williams, Barton W. Freeland, C. J. Freeland and John Ed Freeland. No order or notice for hearing was attached to this motion and it appears that no disposition of it has been made. Therefore, it is ordered that the motion to drop parties plaintiff, filed May 26, 1964, be, and the same is hereby granted. The remaining plaintiffs are I. R. Price, Edward H. Taussig and Edwin F. Gayle.

2. Federal Rules of Civil Procedure, 28 U.S.C.A.

 Rule 23(a) of the Federal Rules sets forth the requirements for a class action.

"If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is (1) joint, or common * * *"

Attached to plaintiffs' third supplemental and amended complaint is a list of the seventy-six mineral and royalty owners under the Floyd Williams lease. Even a cursory examination of that exhibit convinces this Court that the first requisite for a class action is clearly satisfied, that is, that the status of present Floyd Williams lease mineral and royalty owners is so numerous and diversified as to make it impracticable to bring them all before the Court,

"especially since 'impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class. Advertising Specialty Nat. Ass'n. v. FTC, 238 F.2d 108, 119 (1st Cir. 1956)." Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913–914 (9 Cir. 1964).

To demand the joinder of all seventy-six widely scattered mineral and royalty owners would work an extreme hardship or inconvenience and for certain would be impracticable. Smith v. Swormstedt, 16 How. 288, 57 U.S. 288, 14 L.Ed. 942 (1853).

 The second requisite for a proper class action is that the named plaintiffs will fairly insure the adequate representation of the class. This refers to quality, not quantity. Weeks v. Bareco Oil Co., 125 F.2d 84 (7 Cir.1941); Pacific Fire Ins. Co. v. Reiner, 45 F. Supp. 703 (ED La.1942). See 2 Barron & Holtzoff, Federal Practice and Procedure, 307, § 567 (Wright Ed.). Here it is unchallenged that plaintiffs, though only three out of seventy-six, are mineral and royalty owners under the lease in question, and this Court finds that as such they adequately represent the class since their substantial interests are the same as those whom they are deemed to represent. Pelelas v. Caterpillar Tractor Co., 113 F.2d 629 (7 Cir. 1940) cert. den. 311 U.S. 700, 61 S.Ct. 138, 85 L.Ed. 454. See 3 Moore's Federal Practice 3424, § 23.07; and Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

 It need only be pointed out thirdly that as mineral and royalty owners of undivided fractional interests there is a community of interest sufficient to satisfy the "joint or common" mandate of Rule 23(a) (1). Kainz v. Anheuser-Busch, Inc., 194 F.2d 737 (7 Cir. 1952) cert. den. 344 U.S. 820, 73 S.Ct. 17, 97 L.Ed. 638. Defendant's alleged failure to properly develop the leased premises and fraudulent concealment of improper drainage would affect and impair the interest of all the mineral lessors and entitle all to damages. Such an interest is "joint or common" and would normally require joinder of all lessors. Guth v. Texas Co., 155 F.2d 563 (7 Cir. 1946); Rule 19(a), F.R.Civ.P., 28 U.S.C.A. In essence, though, a true class suit is one "wherein, but for the class action device, the joinder of all interested persons would be essential." Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 148 F.2d 403, 405 (4 Cir. 1945). Moreover, LSA–Civil Code, article 2081 recognizes the creation of a joint right in several persons when one party is obliged to perform something for the common benefit of those persons. When that right accrues under a mineral lease it is specifically rendered substantive by LSA–Rev.Stat. 9:1105, and is binding upon this court under the Erie doctrine. And even though the class action as a procedural device is relatively new in Louisiana, LSA–Code of Civil Procedure Art. 591 et seq. (Act No. 15 of 1960), one reported appellate decision recognizes "a common interest,

by virtue of the [mineral] lease and the communized unit," where there was a single lease covering approximately 35 separately owned tracts of land. Vizier v. Howard, La.App., 165 So.2d 655, 658 (1 Cir. 1964).[3]

 This being a true class action then,[4] with jurisdiction founded on diversity of citizenship it has long been established that the citizenship of only the original parties to the suit is material. Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329 (1885); Supreme Tribe of Ben Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921). Here, as indicated above, diversity exists between the named parties. And since the claims are joint or common the claim of each member of the class may be aggregated in order to satisfy the federal jurisdictional amount requirement. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916). Any question of dismissal for nonjoinder of parties is obviated by the language of Rule 19(a) itself which provides, in essence, that joinder of parties is unnecessary when suit is properly brought under the provisions of Rule 23. Furthermore, to hold otherwise would almost completely destroy the utility of the class action and defeat the purpose for which it was created. See 2 Barron & Holtzoff, Federal Practice and Procedure 254, § 561 (Wright Ed.); and 3 Moore's Federal Practice 3409, § 23.02.

Defendant's fourth ground in support of its motion to dismiss the breach of contract action is that the complaint fails to state a claim upon which relief can be granted "since it alleges no violation of the mineral lease in question." Paragraph five of the lease states, inter alia:

"In the event a well or wells producing oil or gas in paying quantities should be brought in on adjacent land and within one hundred fifty (150) feet of and draining the leased premises, Lessee agrees to drill such offset wells as a reasonably prudent operator would drill under the same or similar circumstances."

In stating the first cause of action, paragraphs eight through ten of the first supplemental and amended complaint refer to the lease and allege that plaintiffs had directed correspondence to defendant complaining that oil and gas had been illegally and improperly drained "from land under their lease by wells located on adjacent and competitive leases."

 Such language in the complaint, coupled with a demand for an accounting and damages, satisfies Rule 8(a) of the Federal Rules which requires only a " * * * short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Defendant is here clearly apprised of this action being one for an accounting and damages based on grounds of contract breach for failure to act as a prudent operator and protect lessor's interests from subsurface drainage. Without further facts in the record we are especially mindful of Judge Brown's words of caution in Arthur H. Richland Co. v. Harper,

---

3. The Louisiana court there eventually held that no class action would lie since plaintiffs "did not allege sufficient facts [under Louisiana fact pleadings rules] to negate the prospect of the interest of the lessors not being in conflict." The possibility of antagonism arose there because plaintiffs sought to cancel the lease. In the case at bar the prayer is for damages and it is extremely difficult to conceive of any possible antagonism as to the subject matter of the suit. See

Redmond v. Commerce Trust Co., 144 F. 2d 140 (8 Cir. 1944). For purposes of this discussion though, it is only necessary to note that even under the Louisiana jurisprudence a "common interest" exists amongst mineral lessors.

4. Defendant has incidentally filed a motion to strike all references to this being a class action. However, since we have now determined this to be a proper class action, that motion must be denied.

302 F.2d 324, 325 (5 Cir. 1962) to the effect that " * * * final disposition of a civil action on the basis of bare bones pleadings is a tortuous thing."

 Being Erie-bound in this diversity action the Court must recognize Louisiana jurisprudence which accords lessors a right of action against their lessee in such a situation.

> "Although there seems to be some authority to the contrary, we know of no reason why a landowner would not be entitled to recover from his mineral lessee the damages which the lessor has sustained as the result of a breach of the implied obligation on the part of the lessee to exercise reasonable diligence in endeavoring to prevent substantial drainage of the leased premises. We think the lessor under those circumstances would have a cause of action for damages for breach of a mineral lease contract just as he would for breach of any other contract." Breaux v. Pan American Petroleum Corp., La.App., 163 So.2d 406, 415 (3 Cir. 1964) cert. den. 246 La. 581, 165 So.2d 481.

This case is even clearer here since the lease contains an express obligation to prevent drainage whereas in Breaux that obligation was only implied. Therefore, defendant's motion to dismiss the cause of action alleging breach of contract must in all respects be denied.[5]

Plaintiff's second cause of action alleges fraud. It also is brought as a class action and the foregoing discussion relative to this being a true class action is equally applicable here. The crux of plaintiffs' claim is that defendant lessee, or persons controlled by defendant, has benefitted from the production of oil and gas on property adjacent to the Floyd Williams lease, and has "knowingly, willfully, intentionally and fraud-

ulently" concealed both that interest and the fact of illegal and improper drainage from plaintiffs by means of erroneous, false and untrue statements. Defendant attacks this cause of action by motion to dismiss with an allegation that circumstances constituting fraud have not been stated with the degree of particularity required by Rule 9(b) of the Federal Rules.

 The question of pleading fraud with a great deal of particularity is a vexing problem. This Court recognizes and approves the following observation:

> "There has been a tendency in some, though far from all, cases, to give Rule 9(b) an over-strict reading, which seemingly fails to take into account the general simplicity of pleadings contemplated by the rules. It is worth noting that in the one illustrative form dealing with fraud, expressly made sufficient by Rule 84, the following allegation is offered: 'Defendant C. D. on or about * * * conveyed all his property, real and personal [or specify and describe] to defendant E. F. for the purpose of defrauding plaintiff and hindering and delaying the collection of the indebtedness evidenced by the note above referred to.' As one court has correctly observed, in upholding such a simple allegation, the circumstances constituting the fraud could not have been pleaded with greater particularity without pleading evidence." (footnotes omitted) 1A Barron & Holtzoff, Federal Practice and Procedure 217, § 302 (Wright Ed.)

Applying that test to the case at bar we have noted that plaintiffs allege a fraudulent concealment of illegal and improper drainage through false statements calculated to deprive plaintiffs of their fair share in the proceeds from oil, gas and

---

5. Defendant's counter-allegation that plaintiffs failed to comply with the terms of the contract by not providing 60 days' written notice of lessee's purported noncompliance with the terms of the lease raises a factual issue requiring interpretation of several letters between the parties which must be referred to the trier of fact at the trial of this case and can have no bearing whatsoever on a motion to dismiss for failure to state a claim upon which relief can be granted.

other minerals under their lease with defendant. Such an allegation is at least as particular as that set forth in the approved form quoted above.[6]

Plaintiffs allege fraud in some 18 paragraphs, setting forth the above basic facts which they rely upon as activity indicative of fraud. While such length and complexity may be unnecessary here, it is not because fraud is simple to plead. In fact, fraud is difficult to plead, especially in a complex series of transactions such as are here involved encompassing some nine years and involving numerous parties on each side. The problem is further compounded because fraud is difficult to define.

> "Fraud vitiates everything it touches. It is difficult to define; there is no absolute rule as to what facts constitute fraud; and the law does not provide one 'lest knavish ingenuity may avoid it.'" Cameron, J., in Massey-Ferguson, Inc. v. Bent Equipment Co., 283 F.2d 12, 15 (5 Cir. 1960).

And much the same comment was made in Abbott v. United States, 239 F.2d 310, 314 (5 Cir. 1956) where fraud was conceived to be "as old as falsehood and as versable as human ingenuity." Suffice to say that plaintiffs have here alleged fraud with particularity sufficient to preclude the granting of defendant's motion to dismiss.

▪ Defendant has also moved to strike the "frequent reference" made by plaintiffs to an asserted right to an accounting before the Federal Petroleum Board or some other independent agency. The basis for the motion is that the references are not pertinent because there is no legal authority which would permit referral of the matter to that Board or to any other agency. Whether the matter could be referred to some agency for an accounting or not is immaterial for purposes of this motion. A motion to strike is normally not favored

and not granted unless prejudice would result from a denial of the motion. Since no prejudice has here been shown, nor can the Court conceive of any, defendant lessee's motion to strike the matter will be denied. Rosen v. The Texas Co., D.C., 161 F.Supp. 55 (1958).

Remaining for consideration is defendant's motion for a more definite statement. It is sought here to require plaintiffs to specify:

> (a) the person or persons to whom the alleged false statements were made, by whom they were made, and the date each was made; and (b) the persons, institutions or organizations directly or indirectly controlled by, or identified with the defendant, who are asserted to have been benefitted by the alleged illegal and improper drainage.

In the light of the foregoing ruling that the complaint is sufficiently particular, this Court cannot be fairly called upon to compel plaintiffs to plead with specificity each and every statement and transaction that took place between these seventy-six mineral and royalty owners on the one hand, and defendant's agents and employees on the other, since 1955. Such a pleading would be a massive undertaking and certainly not required under the Federal Rules.

▪ As to defendant's request for a more definite statement of the parties allegedly directly or indirectly controlled by defendant, the Court notes that the test under the Federal Rules is whether the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[7] Here it is evident plaintiffs allege that some otherwise unspecified third parties controlled by defendant benefitted from oil and gas production on property adjacent to the Floyd Williams lease. In drafting a responsive pleading it will be reasonably simple to state whether or not in a general way that is so. Thus,

---

6. Appendix of Forms, Federal Rules of Civil Procedure, 28 U.S.C.A. Form 13, paragraph 4.

7. Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A.

since the complaint is neither vague nor ambiguous in either particular, defendant's motion for a more definite statement must also be denied.

It is so ordered.