**Mrs. Barbara Lynn Whitley SINGER, widow of Lester Karl Singer, Jr., individually and as Administratrix of the Succession of Lester Karl Singer, Jr., and as next friend of the Minor, Karl David Singer**

v.

**Louis R. DORR, d/b/a Dorr Towing Co., Dorr Towing Co., Inc., Federal Barge Lines, Inc., and Port City Barge Lines, Inc.**

Civ. A. No. 14421.

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 13, 1965.

Owen J. Bradley, Joseph W. Nelkin, Plotkin, Nelkin & Alvarez, New Orleans, La., for plaintiff.

Eldon E. Fallon, Kierr & Gainsburgh, New Orleans, La., amicus curiæ.

Patrick L. Burke, Joy Simmons Miller, Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., for Louis R. Dorr, d/b/a Dorr Towing Co., Dorr Towing Co., Inc., and Stuyvestant Ins. Co.

Charles Kohlmeyer, Jr., Thomas W. Thorne, Jr., Lemle & Kelleher, New Orleans, La., for Federal Barge Lines, Inc., and Port City Barge Lines, Inc.

Monte J. Ducote, Schoemann, Gomes, Ducote & Collins, New Orleans, La., for third-party defendant American Sugar Co.

FRANK B. ELLIS, District Judge.

The Tug BIG LOUIE II, with the barge PCBL–104 in tow, was navigating the Mississippi River on September 23, 1963, when the Tug's deckhand, Lester Karl Singer, Jr., fell from the barge and drowned. His widow instituted suit against several parties, including the owners of the tug and its insurer.[1] In answering, the Tug owners asserted as a defense their right to limit liability under the federal Limitation of Liability Act, 46 U.S.C.A. § 181 et seq.

Without in any substantial way infringing on the right of a vessel owner to limit liability, this Court recently held in In the Matter of Independent Towing

---

1. Louis R. Dorr, d/b/a Dorr Towing Co., an original defendant, was dismissed since he was not the owner of the tug. Plaintiff still sues Dorr Towing Co., Inc., (the employer of Lester Karl Singer, Jr., at the time he drowned, and the owner of the tug BIG LOUIE II), the tug's insurer (Stuyvestant Insurance Co.), the owner of the Barge PCBL–104 (Port City Barge Lines, Inc.), and the bareboat charterer of the barge at the time of the accident (Federal Barge Lines, Inc.). Dorr Towing Co., Inc. then filed third-party complaints against Port City, Federal and American Sugar Company (the stevedore responsible for loading the PCBL–104 immediately prior to the accident). Port City and Federal cross-claimed against Dorr Towing Co., Inc. Plaintiff also sues American Sugar.

Co., Inc., 242 F.Supp. 950 (E.D.La. 1965) [2] that a vessel's insurers sued pursuant to the Louisiana Direct Action statute [3], were not entitled to benefit from the right of the owners to limit their own liability. In briefly explaining the impact of that ruling, this court stated:

> "If the policy limits be sufficient to satisfy the claims established in the direct actions, there the matter ends, and the limitation proceeding as concerns the direct action claimants would become moot." 242 F.Supp. at p. 956.

The case now before the Court presents such a possible situation. The sole claimant asserts damages in the total amount of $250,000.00, and the insurance policies filed into the record indicate coverage at $300,000.00. Based on this court's ruling in the ITCO case and the facts present in the case at bar, plaintiff moved to strike the limitation of liability defense asserted by the Tug owners in their answer.

The practical thrust of plaintiff's motion and argument is directed toward elimination of fact issues relating to limitation of liability in general, and specifically to the necessity for plaintiff to prove at a trial on the merits that the tug's owners possessed privity of knowledge as to the cause of Singer's death. Plaintiff concludes that it would be meaningless to adjudicate those issues since the full amount of damages could be recovered from the insurer once liability is proven regardless of whether the vessel owners were entitled to limit their own liability.

In opposing the motion to strike, the tug owners contend that to eliminate their limitation defense would deprive them of their federally created right to limit liability, and conceivably could leave them defenseless should it ultimately develop that there existed no coverage under the insurance policies.[4] Their first contention addresses itself to denying the motion to strike; the second suggests that the court should hold the limitation defense in abeyance pending a trial on issues of negligence, unseaworthiness, damages, and other related questions.

As noted in this Court's ITCO decision, and as a practical matter, once the claims are established in a sum less than the amount of applicable insurance, the vessel owner's limitation defense becomes moot and irrelevant. Not until the claims are established, however, can this determination be made with certainty. Thus, it is not proper at this pre-trial stage of the proceedings to strike the limitation defense secured to the vessel owners by federal law, especially since a motion to strike is normally not favored and not granted unless prejudice would necessarily result from a denial of the motion. Williams v. Humble Oil & Refining Co., 234 F.Supp. 985, 990 (E.D.La.1964). The only prejudice plaintiff might here suffer would emanate from the additional time necessary to prepare and present the limitation part of the case.

2. This case, referred to as the ITCO decision, has since been compromised and dismissed without appeal.

3. LSA–Rev.Stat. 22:655.

4. In its answer, the Stuyvestant Insurance Co. admits issuing policies covering the Tug BIG LOUIE II, but in oral argument counsel representing both the insurer and the Tug owners implies, hypothetically, that a coverage question could still arise. In order to recover under the Direct Action statute a plaintiff must prove both liability of the assured and coverage by the policy. Pre-trial conference has been held without any indication that coverage was being contested by the insurer, and a cursory examination of the policies fails to reveal any apparent basis to support such a defense. It is therefore unlikely that coverage is at issue. It is reasonable to assume that the matter would have been raised by the insurer on motion for summary judgment at an earlier stage of this proceeding.

█ Adopting instead the principle suggested by the tug owners relative to holding the limitation defense in abeyance, and noting the discretion vested in this Court to order separate trials of different issues,[5] it appears more just to the parties to deny the motion to strike and at the same time sever the trial of the limitation issue from the trial of the other issues in the case, delaying the trial of that remaining issue until the other matters are determined. Under the circumstances, trial of that issue will probably not be necessary.

In effect, the vessel owners would not be deprived of their right to limit liability, the plaintiff would not be driven to proving an issue which would probably be inconsequential, and the benefits of a concursus proceeding espoused by Mr. Justice Frankfurter in Maryland Casualty Co. v. Cushing, 347 U.S. 409, 74 S. Ct. 608, 98 L.Ed. 806 (1954) would remain preserved.

█ Based on the foregoing reasoning then[6], when it appears that the total demands of all claimants in a limitation proceeding, or action wherein a vessel owner asserts limitation as a defense, fail to exceed the total amount of insurance coverage on the vessel, and one or more of the claimants have pursued claims directly against the insurer pursuant to a state Direct Action statute, this Court will order a separate trial of the vessel owners' limitation defense, delaying trial of that issue until after de-

termination of the other issues. In this situation there will probably be no need to ever try that issue. Therefore,

It is ordered that the motion of plaintiff to strike the limitation of liability defense asserted by the owners of the Tug BIG LOUIE II be, and the same is hereby, denied;

It is further ordered that trial of the limitation of liability defense asserted by the owners of the Tug BIG LOUIE II be, and the same is hereby, postponed pending determination of other issues in this case.[7]

5. Rule 42(b) Federal Rules of Civil Procedure, 28 U.S.C.A.:
   "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."
   See also Atlantic Coast Line R. Co. v. United States, 132 F.2d 959, 962 (5 Cir. 1943); and 88 C.J.S. Trial §§ 6–10.

6. Especially the ITCO decision and Rule 42(b), F.R.Civ.P. 28 U.S.C.A.

7. Counsel for the Tug owners and the Tug's insurer, in oral argument, suggested that the motion to strike be held in abeyance, if not dismissed. Counsel appearing as amicus curiae urged the proposition that the limitation issue was probably "excess baggage". These arguments indicate that a Rule 42(b) motion for separate trial of the limitation issue was, in substance, being requested. A separate trial achieves the result sought by plaintiff. There remains no need to prepare and present proof on privity of knowledge during the trial now scheduled for Thursday, September 30, 1965.