**NATIONAL CITY BANK OF NEW YORK
v. PUIG.**

**RODRIGUEZ v. RODRIGUEZ.**

**Civ. No. 6313.**

United States District Court
D. Puerto Rico, San Juan Division.

Aug. 19, 1952.

McConnell & Valdés, San Juan, P. R., for plaintiff.

Pablo Defendini, San Juan, P. R., for defendant and third-party plaintiff.

Brown, Newsom & Cordova, San Juan, P. R., for third-party defendant.

RUIZ-NAZARIO, District Judge.

The action herein was brought by plaintiff, the National City Bank of New York, against defendants Eduardo Valldejuli Puig and Enrique Valldejuli Rodriguez, on a promissory note executed and delivered to plaintiff by the first of said defendants, Eduardo Valldejuli Puig, as well as under a continuing letter of guaranty executed and delivered by the second of said defendants, Enrique Valldejuli Rodriguez and by third-

party defendant Juan Valldejuli Rodriguez, jointly and severally. A copy of this continuing letter of guaranty is annexed to the complaint as Exhibit B.

Jurisdiction of this court arose out of the provisions of Section 15 of the Banking Act of 1933, 12 U.S.C.A. § 632.

By permission of the court, a third-party complaint was filed by co-defendant Enrique Valldejuli Rodriguez against the third-party defendant Juan Valldejuli Rodriguez, to enforce the former's right to recover from the latter one half the sum claimed by plaintiff against the third-party plaintiff, by way of contribution, as joint and several co-obligor under said continuing letter of guaranty.

In the affidavit of Lorenzo Velez, supporting plaintiff's motion for summary judgment against co-defendant and third-party plaintiff Enrique Valldejuli Rodriguez, it is averred that said plaintiff "Bank lent the sum of $6,000 to the said Eduardo Valldejuli Puig *in reliance upon a continuing letter of guaranty executed by Enrique and Juan Valldejuly Rodriguez,* a true copy of which is attached to the complaint in the above entitled cause."

Co-defendant and third-party plaintiff Enrique Valldejuli Rodriguez, opposed said plaintiff's motion for summary judgment, alleging collusion between plaintiff bank and third-party defendant to deprive him of his right to obtain contribution from said third-party defendant, already at issue under his third-party complaint, and that the granting of said motion and the entering of a summary judgment against him, as therein prayed by plaintiff, would tend to jeopardize and impair his lawful and equitable right of recovery under said third-party complaint.

Third-party defendant, Juan Valldejuli Rodriguez, in his answer to the third-party complaint, has challenged the validity and enforceability of the continuing letter of guaranty attached to the original complaint as Exhibit B, claiming that he never agreed to give said type of guarantee, but a different one, that he signed it by error or mistake assuming that it was some other document he had agreed to sign, and that said continuing letter of guaranty executed and delivered to plaintiff National City Bank of New York, on which it bases its cause of action against defendant and third-party plaintiff Enrique Valldejuli Rodriguez, was signed by said third-party defendant unwittingly and under misrepresentation of the third-party plaintiff.

No doubt this answer raises a genuine issue of fact as to the validity and nature of the contract on which plaintiff bank claims to have relied in making the loan, as well as to the parties bound thereby and the character in which they may have been so bound. This issue of fact has not yet been disposed of, and the trial and disposition thereof is in no way precluded by the summary judgment in favor of plaintiff National City Bank of New York and against defendant and third-party plaintiff Enrique Valldejuli Rodriguez rendered by my predecessor some time after the filing of third-party defendant's answer to the third-party complaint.

The record does not show that plaintiff may have yet collected all the amounts conceded to it by said judgment, nor that said plaintiff may have withdrawn from the case, either because said judgment may have been totally satisfied or for any other reason whatsoever.

In fact, plaintiff as holder of the disputed document and as creditor in the obligation which it purports to evidence, is an indispensable party to the final determination of said issue.

The trial in this case was set for July 17, 1952, and at a pre-trial conference held on July 7, 1952, plaintiff National City Bank of New York appeared by its counsel H. S. McConnell, Esq., and the defendants and the third-party defendant also appeared through their respective counsel. As evidenced by the Pre-trial Order of July 8, 1952, none of the parties alleged or even intimated at said conference, that the court might have lost its jurisdiction to try the issues raised by the third-party complaint and third-party defendant's answer thereto, nor that plaintiff National City Bank of New York might have no further interest in the case or that it intended to withdraw therefrom. Rather, it was then agreed and

stipulated, by all the parties in the case, that the issue of fact hereinbefore mentioned was the only ·issue to ·be tried at the July 17, 1952 trial.

■ Thereafter, on July 15, 1952, third-party defendant, Juan Valldejuli Rodriguez, filed his motion to dismiss for lack of jurisdiction, herein under consideration, and a day later the trial was continued on motion of said party, without objection from the other parties, so that the court could pass on said jurisdictional question before further proceeding in the case.

In his said motion, third-party defendant alleges that this court's jurisdiction in this case originally rested on Sec. 15 of the Banking Act of 1933, 12 U.S.C.A. 632, insofar as it arose from a banking transaction in Puerto Rico by plaintiff corporation, which is one organized under the laws of the United States; that the claim on said transaction·had been finally disposed of by the summary judgment entered herein on January 31, 1952, and that, therefore, said jurisdiction has thereafter ceased to exist with respect to the issues raised in the third-party proceedings, because both the third-party plaintiff and the third-party defendant, therein, are citizens of and domiciled in Puerto Rico, and even if said proceedings were considered ancillary to· the main litigation, the same have ceased to be ancillary from· and after said summary judgment was entered, and should thereafter ·be classed as an independent action between two residents to be litigated in the local courts.

He cites Pearce v. Pennsylvania R. R. Co., 3 Cir., 162 F.2d 524, certiorari denied 322 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350, in support of the first proposition, and State of Maryland v. Robinson, D.C., 74 F.Supp. 279, in support of the second proposition.

Neither of said cases is applicable to the situation involved in this case.

The first paragraph of Sec. 632, Title 12, U.S.C.A., on which this court's jurisdiction was originally invoked, so far as material to the question under consideration, reads as follows:

"all suits of a civil nature * * * to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving * * * .banking in a dependency or insular possession of the United States * * *, either directly or through the agency, ownership, or ·control of branches or local institutions in dependencies or insular possessions of the United States * * *, *shall be deemed to arise* under the laws of the United States, and the district courts of the United States shall have original · jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove . such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. * * * * "

No doubt National City Bank of New York is a corporation organized under the laws of the United States, and no doubt this litigation was initiated by said corporation as the party plaintiff, ·but no doubt also that said corporation is still a party· herein.

No doubt this action arose from a transaction involving banking in Puerto Rico, through a local branch of said corporation in this Island, said transaction consisting of the granting of a loan secured ·by the continuing letter of guaranty, on which third-party plaintiff and third-party defendant are the co-signers and joint and several obligors, and said corporation is the creditor.

No doubt the validity and nature of said banking transaction, as well as the determination as to who are the parties bound thereby and the character in which they may result obliged thereunder is the principal and only issue of the third-party proceedings.

No doubt either, that plaintiff National City Bank of New York, as creditor on said contested banking transaction has a substantial interest in said issue.

And no doubt, therefore, that under the quoted paragraph of Sec. 632, Title 12, U.S. C.A., said third-party proceedings must also be deemed to have arisen under the

laws of the United States, this court having original jurisdiction thereof.

Moreover, under Sections 1094, 1097, 1098 and 1099, of the Civil Code of P.R., (1930 Ed.), third-party defendant, Juan Valldejuli Rodriguez, though not originally included as co-defendant in the main action and nominally not a party to it, was nevertheless to remain lawfully bound and prejudiced thereby (Sec. 1094); his liability thereunder to plaintiff National City Bank of New York remains unchanged as long as it does not appear that the debt has been collected in full (Sec. 1097); the inability to pay or insolvency of his co-debtor, defendant Enrique Valldejuli Rodriguez, would not excuse said third-party defendant from fulfilling said obligation (last par. sec. 1098); and even plaintiff's waiver of its right to collect from said third-party defendant, his share of said debt, would not release his liability to his co-debtor Enrique Valldejuli Rodriguez for contribution with respect to any payments made by the latter towards the satisfaction of said debt (sec. 1099).

Williams v. Keyes, 5 Cir., 125 F.2d 208 dealt with a situation quite similar to that involved in the present case.

There, the court's jurisdiction rested, exclusively, on diversity of citizenship between plaintiffs, residents of Florida, and defendant, a non-resident surety company, on a removed action to enforce the latter's liability, as surety, on certain supercedeas bond on which plaintiffs were beneficiaries. A third-party complaint under Rule 14(a) F.R.C.P., 28 U.S.C.A., was filed by defendant against four officers of the City of Miami, all of them residents of Florida, to enforce their liability as principals on the bond which was the subject of the main action. Third-party defendants moved to remand the case to the state court claiming that their liability on the bond was not joint and several, but joint alone, and that, as both the plaintiffs, as creditors on said bond, and the third-party defendants, as joint obligors thereon, were residents of the same state, diversity of citizenship on the controversy no longer existed and the court had lost jurisdiction thereof. The court overruled said motion to remand, and

the case was heard on the merits, the jury returning a verdict for plaintiffs and against defendant in the main action for the sum of $4,356 as well as another verdict for third-party plaintiff and against the third-party defendants for the same amount, on the third-party complaint. Judgments were entered pursuant to said verdicts and the third-party defendants appealed to the Court of Appeals for the Fifth Circuit. The principal error assigned on said appeal was the refusal of the court below to grant the motion to remand for lack of jurisdiction.

Appellants evidently conceded, both at the lower court and on appeal, that if they had been jointly and severally liable with defendant, on the bond, the court's jurisdiction could not have been questioned. The appellate court held, however, that this made no difference whatsoever; that Federal jurisdiction was shown when the case was first brought to the lower court "and the fact that citizens of Florida were brought in as third-party defendants subsequent to removal did not divest the federal court of jurisdiction. The court properly refused to remand the cause to the state court". Cases cited. See page 209 of 125 F.2d.

In the instant case, there are still more forceful reasons for denying third-party defendant's motion.

Here, the liability of third-party defendant, Juan Valldejuli Rodriguez and of co-defendant and third-party plaintiff, Enrique Valldejuli Rodriguez, in the banking transaction on which plaintiff National City Bank of New York bases its main action against the latter, is joint and several.

Here again, the validity and nature of said banking transaction, as well as the parties bound thereby and the character in which they may appear to be bound, have been questioned and put at issue by the third-party defendant in his answer to the third-party complaint.

And finally, in this suit, in which National City Bank of New York, a corporation organized under the laws of the United States is the party plaintiff, the jurisdiction of this court has at no time rested on diversity of citizenship but has arisen under the laws of the United States and out of the said

banking transaction, still at issue, and the fact that co-defendant and third-party plaintiff Enrique Valldejuli Rodriguez and third-party defendant Juan Valldejuli Rodriguez may be both citizens and residents of Puerto Rico cannot lawfully operate to divest this court of its jurisdiction under Sec. 632, Title 12, U.S.C.A.

It follows that the denial of the motion, here, is still more meritorious than in Williams v. Keyes, supra.

Therefore, it is ordered that third-party defendant's motion to dismiss for lack of jurisdiction be, and the same is hereby denied.