William, Julio C., Miguel A., Plinio H., Harry and Doris GONZALEZ–ROMAN and Jose Luis Alicea

v.

The FEDERAL LAND BANK OF BALTIMORE and Candida R. Roura Torres.

Civ. No. 31–65.

United States District Court
D. Puerto Rico.

Sept. 9, 1969.

Guillermo S. Pierluisi & Charles H. Julia, Rio Piedras, P. R., for plaintiffs.

Baragaño, Trias, Saldaña & Francis, San Juan, P. R., for defendant.

ORDER

FERNANDEZ-BADILLO, District Judge.

The present action originally filed on January 18, 1965 before the Superior Court of Puerto Rico, San Juan Section, seeks judgment declaring that certain foreclosure proceedings carried out in 1936 by the Federal Land Bank of Baltimore before this federal District Court under equity case No. 2011 are "absolutely null and inexistent in law on account of violations of the due process of law." It is further prayed that defendants or either of them be ordered to return to plaintiffs the foreclosed property described in the complaint with a monetary award for the benefits derived or which could have been derived from the cultivation of the land. The

basis for the contention that the federal judgment is null and void is that this Court lacked jurisdiction over the defendants in the 1936 foreclosure proceedings. This independent action brought in the Commonwealth court to obtain relief from the federal judgment was removed by co-defendant The Federal Land Bank of Baltimore on January 26, 1965 under the general removal provisions contained in 28 U.S.C. § 1441(a). No steps were taken by plaintiffs towards obtaining a remand. Petitioner justified removal to this Court solely on the fact that it had original jurisdiction under the provisions of 12 U.S.C. § 632 relative to civil suits to which a corporation organized under the laws of the United States is a party arising out of transactions involving the international or foreign banking or banking in a dependency or insular possession of the United States.[1]

 Upon considering the Motion to Dismiss for failure to state a claim filed by defendant Federal Land Bank[2] the undersigned judge deemed it appropriate to look into the merits of the factual averments which allegedly justified removal. It is too well settled to enter into discussion that the Court may of its own initiative inquire into its jurisdiction in removed cases and remand the same to the local courts for lack of it.

28 U.S.C. § 1447, Lomax v. Duchow, 163 F.Supp. 873 (D.C.Neb.1958), Ingram v. Sterling, 141 F.Supp. 786 (D.C.Ark. 1956). I find that the present litigation is not one arising from a transaction involving banking in a dependency or insular possession of the United States. It is rather an independent action brought in a local court to obtain relief from a federal judgment which is characterized by plaintiffs as absolutely null and void. This is one of the methods of directly attacking a federal district court judgment in a civil suit.

The Court concludes that the case at bar has been improvidently removed for the reason that taking into consideration the allegations and nature of the complaint the removal ground averred by petitioner The Federal Land Bank of Baltimore is defective, inadequate and fails to confer jurisdiction upon this federal forum. Accordingly, ORDERS, ADJUDGES AND DECREES that the case be remanded to the Superior Court of Puerto Rico, San Juan Section, from which it was improvidently removed.

It is further ordered that the Clerk this day serve a certified copy of this Order of remand by mail upon the Clerk of the Superior Court of Puerto Rico, San Juan Section in accordance with 28 U.S.C. Section 1447(c).

1. "Notwithstanding any other provision of law, all suits of a civil nature at commonlaw or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. Such removal shall not cause undue delay in the trial of such case and a case so removed shall have a place on the calendar of the United States court to which it is removed relative to that which it held on the State court from which it was removed."

2. A prior motion for summary judgment filed by the defendant bank was denied by order of December 29, 1965. The case has been set and re-set for trial several times and the parties were making efforts to reach a settlement. A motion to dismiss was brought on May 21, 1968 and on June 27, 1968 the case was assigned to the trial calendar of the undersigned judge.