The CHASE MANHATTAN BANK (NATIONAL ASSOCIATION), Plaintiff-Appellee,

v.

CORPORACION HOTELERA de PUERTO RICO et al., Defendants-Appellees,

**Municipality of San Juan, Intervenor-Appellant.**

No. 74–1231.

United States Court of Appeals, First Circuit.

Argued Feb. 5, 1975.

Decided May 14, 1975.

---

Robert E. Schneider, Jr., Santurce, P. R., for intervenor-appellant.

Justo Gorbea Varona, Asst. Sol. Gen., with whom Miriam Naveira De Rodon, Sol. Gen., San Juan, P. R., was on brief, for the Secretary of the Treasury of Puerto Rico.

Before COFFIN, Chief Judge,
McENTEE and CAMPBELL,
Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court for the District of Puerto Rico denying an application for leave to intervene.

The suit began in August, 1967, when the Chase Manhattan Bank filed to foreclose on a mortgage[1] of a tourist hotel held by the Corporacion Hotelera de Puerto Rico, which soon thereafter became bankrupt. The Secretary of the

---

1. The court had jurisdiction in the mortgage foreclosure action under the Banking Act of 1933, 12 U.S.C. § 632.

Treasury of Puerto Rico was joined as a party defendant, and he alleged that the mortgaged property was subject to a lien for unpaid property taxes and claimed priority over the proceeds from its sale. In 1968 the court entered a judgment in favor of Chase Manhattan for foreclosure of its mortgage. The judgment recognized and provided for the priority of the tax lien.

After unsuccessful attempts at negotiated sales, and after several defaults by successful bidders at public sales of the property in execution of the foreclosure judgment, a sale to San Jeronimo Hotel Corporation was confirmed in November, 1972. In December, 1972, the court ordered that from rental income held by the court the sum of $831,438.61 (increased the next month to $832,875.51) be paid to the Secretary of the Treasury to be held in escrow, pending a determination as to tax liability, to cover the lien for taxes on the property and thus enable the buyer to obtain a clear title.

On June 13, 1973, pursuant to the Industrial Tax Exemption Act of 1963, 13 L.P.R.A. § 252a, the Governor of Puerto Rico granted a tax exemption to the bankrupt corporation dating back to the time of its application in 1965. The exemption did not include the hotel's casino. *See id.* § 252a(f)(4). In view of the tax exemption, on June 25, 1973, Amron Credit Corporation and Enrique Campo del Toro, holders of second mortgages on the property, requested that the $832,875.51 held by the Secretary of the Treasury be released and disbursed to them. On August 1, 1973, the Secretary of the

Treasury stated to the court that $333,253.71 was still due because the property was leased to a non-exempted business after May 27, 1971, but that it had no interest in funds beyond that amount. The Secretary accordingly consented to release the balance of $499,621.80 if the trustee of the bankrupt accepted the terms of the grant of exemption. On August 29, 1973, the trustee so agreed, and on September 5, 1973, the court ordered that the $499,621.80 be disbursed to the two second mortgagees, and that the remaining $333,253.71 be retained in escrow pending determination of the bankrupt's tax liability on that amount. On September 14, 1973, the Secretary disbursed the $499,621.80. On November 30, 1973, the Municipality of San Juan filed a motion to intervene, asserting that the distribution deprived it of tax revenues not exempted by the Governor's grant or by state law.[2] The district court denied the motion on the ground, among others,[3] that the intervention was untimely, and this appeal followed.

Intervention in a federal court action is governed by Rule 24, Fed.R. Civ.P.[4] Even when an applicant states a claim to intervention of right rather than seeks permissive intervention, the application must be timely if it is to be granted. Timeliness is to be gauged from all the circumstances, including the stage to which the proceedings have progressed before intervention is sought. The district court is to exercise its discretion in determining timeliness, and its ruling will not be disturbed on review unless there is an abuse of discretion.

2. In addition to objecting to the Governor's grant of the exemption to a bankrupt corporation, the Municipality alleged claims to taxes for the non-exempt portion of the property used for the casino, for the second part of fiscal 1972–73, and for the period before the exemption application and for the period between May 27, 1971, and July 1, 1971.

3. The district court stated that it lacked subject matter jurisdiction to grant some of the

relief requested. Since we hold that the district court did not err in finding the motion to intervene to be untimely, we do not consider the correctness of that ruling.

4. Rule 24 provides in pertinent part,
"(a) Intervention of right.
Upon timely application anyone shall be permitted to intervene in an action: . . .
(2) when the applicant claims an interest relating to the property or transaction which

NAACP v. New York, 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973).

■ Here the Municipality's motion to intervene is in effect a request that the court unscramble the distribution it ordered and reopen proceedings two-and-a-half months after the execution of its judgment. Intervention after judgment is unusual; it is granted only in very special circumstances. *See* J. Moore, 3B Federal Practice ¶ 24.13 (1974 ed.).

The Municipality was well aware that proceedings were in progress dispositive of its tax claims, and all relevant facts, such as the mortgagees' formal request for release of the escrow funds and the Secretary's response thereto, could have been readily determined from the court records. Indeed, correspondence between the Mayor of San Juan and the Secretary of the Treasury reveals that well prior to the final decree the former wrote to oppose the retroactive tax exemption and was advised that it had been granted. The Municipality argues that it could not have known that the Secretary would also consent to release tax claims for non-exempt property, such as the casino, but we think the burden was on the Municipality, if it wished to participate in whatever final disposition was made, to make known its desire prior to the entry of the final decree. It could not rely without murmur on the Secretary's representation throughout

the proceeding and, after a final decree was entered not to its liking, intervene and reopen.

■ It is argued that ordinary principles of timeliness do not apply when a municipal corporation seeks to prevent the loss of tax revenues. We know of no support for such a contention, nor do we give credence to the assertion that appellant's motion, if granted, would not adversely prejudice any parties or cause any disruption. Although a public body has a right to its lawful revenues, this right cannot override the importance to the federal judicial system, and to persons interested in the litigation, of orderly proceedings and of certainty of a final disposition. Thus even assuming, which is unclear, that the Municipality has any standing under Puerto Rican law to litigate a position adverse to that of the Secretary of Treasury,[5] we are disinclined to facilitate a collateral attack upon a final decree that was entered with the participation of responsible Commonwealth officials who, insofar as anyone could tell at the time, were fully representing the Municipality's interests.

As the motion was untimely, the district court did not abuse its discretion in denying appellant's motion.

Affirmed.

is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

.5. Throughout the proceedings in the district court the Secretary of Justice of Puerto Rico

represented the Secretary of the Treasury. The Municipality's claim to taxes derives from the Puerto Rican legislature, P.R.Const. Art. VI, § 2, and the Municipality has no ability to assess or collect taxes other than through the Treasury. *See* 13 L.P.R.A. § 447.