# RESCRIPT OPINIONS.

ADOPTION OF A MINOR. May 4, 1979. We granted the plaintiffs' application for further appellate review of a probate judge's "dismissal" of a petition for adoption and change of name, brought pursuant to G. L. c. 210, § 3, subsections (a) (ii) and (c), as appearing in St. 1972, c. 800, § 2. The pertinent facts are set forth in the decision of the Appeals Court, 6 Mass. App. Ct. 665 (1978). Having examined the record before us, we agree with the majority of the Appeals Court that there was no error. We comment briefly, however, on the principal issue raised by the plaintiffs in their application for further review.

Ordinarily, both parents of a child born within the marital context must consent to the adoption of that child. G. L. c. 210, § 2. The required consent may be dispensed with, however, when a petition for adoption is filed by a person having care or custody of the child, and the court hearing the petition "finds that the allowance of the petition is in the best interests of the child . . . ." G. L. c. 210, § 3(a). The statute specifies further that "[i]n determining whether the best interest of the child will be served by granting a petition for adoption without requiring certain consent as permitted under paragraph (a), the court shall consider the ability, capacity, fitness and readiness of the child's parents . . . and shall also consider the ability, capacity, fitness and readiness of the petitioners under paragraph (a) to assume such responsibilities." G. L. c. 210, § 3 (c). The plaintiffs argue that the guidelines set forth above are so lacking in specificity as to be useless to Probate Court judges charged with the responsibility of ruling on unconsented adoption petitions. They urge us to rewrite G. L. c. 210, § 3, in the image of the analogous but ostensibly more explicit Minnesota statute. See Minn. Stat. Ann. § 518.17 (West 1979). We decline this invitation to engage in judicial lawmaking.

The "best interests" standard set out in G. L. c. 210, § 3, is a flexible one, which requires the court "to focus on the various factors unique to the . . . individual for whom it must act." *Petition of the Dep't of Pub. Welfare to Dispense with Consent to Adoption,* 376 Mass. 252, 266 (1978), quoting *Custody of a Minor,* 375 Mass. 733, 753 (1978). See Comment, Termination of Parental Rights in Adoption Cases: Focusing on the Child, 14 J. Fam. L. 547, 574-578 (1975-1976). We deem it both unnecessary and impracticable to enumerate exhaustively the relevant considerations. "Standards of mathematical precision are neither possible nor desirable in this field; much must be left to the trial judge's experience and judgment." *Petition of the New England Home for Little Wanderers to Dispense with Consent to Adoption,* 367 Mass. 631, 646 (1975).

The decree of the Probate Court is affirmed.

*So ordered.*

*Stephen R. Wainwright* for the plaintiffs.
*David Berman,* for Raymond A. Yorke, intervener.
*Richard C. Driscoll, Jr.,* for Mark Ripley Carson, intervener, submitted a brief.