BOARD OF DIRECTORS OF THE WORCESTER FREE PUBLIC LIBRARY *vs.* AT-
TORNEY GENERAL (and a companion case[1]). July 14, 1980. 1. *The prin-
cipal case.* On the record before us, the Probate Court was within its dis-
cretion in refusing to permit the appellants to intervene pursuant to Mass.
R. Civ. P. 24(b), 365 Mass. 770 (1974) (permissive intervention), for the
purpose of relitigating the merits of the case more than eleven months
after final judgment had been entered on December 28, 1978. *Matter of
Carson,* 6 Mass. App. Ct. 665, 669-670 (1978), *S.C.* sub nom. *Adoption of
a Minor,* 378 Mass. 793 (1979). Mass. R. Civ. P. 24(b) (requiring "timely
application"). See *Black* v. *Central Motor Lines, Inc.,* 500 F.2d 407, 408
(4th Cir. 1974); *Nevilles* v. *Equal Employment Opportunity Commn.,*
511 F.2d 303, 305-306 (8th Cir. 1975); *Chase Manhattan Bank* v. *Cor-
poracion Hotelera de Puerto Rico,* 516 F.2d 1047, 1049-1050 (1st Cir.
1975). See generally, 7A Wright & Miller, Federal Practice and Pro-
cedure §§ 1913, 1916 (1972).
    2. *The companion case.* This taxpayers' action brought on November
28, 1979, solely pursuant to G. L. c. 214, § 3(10), as appearing in
St. 1973, c. 1114, § 62, was properly dismissed. "[L]eave of court," as re-
quired by § 3(10), was not obtained in the Probate Court or in the
Supreme Judicial Court, which had transferred (G. L. c. 211, § 4A) the
action (including a "Motion for Leave" which was never allowed) to the
Probate Court for disposition.

*Judgments affirmed.*

*John O. Mirick* for Lambi N. Adams & others.
*Bennett S. Gordon,* Assistant City Solicitor, for the Board of Directors
of the Worcester Free Public Library & another.
*Carol G. Fubini,* Assistant Attorney General, for the Attorney
General.