**Leopoldo Fernandez DIAZ et al.,
Plaintiffs, Appellants,**

v.

**PAN AMERICAN FEDERAL SAVINGS
AND LOAN ASSOCIATION,
Defendant, Appellee.**

**No. 80–1299.**

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1980.

Decided Dec. 5, 1980.

David Rive Rivera and Calderon, Rosa, Silva & Vargas, Hato Rey, P.R., on brief for plaintiffs, appellants.

Jaime A. Garcia–Blanco and Orlin P. Goble, Hato Rey, P.R., on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The complaint in this case alleged that defendant Pan American Federal Savings and Loan Association maliciously or negligently caused a criminal prosecution to be instituted against plaintiff in a Puerto Rico court. The criminal charge alleged that plaintiff had caused to be circulated two checks drawn against the Savings & Loan, for which there were insufficient funds. In a subsequent pleading, plaintiff invoked federal jurisdiction under 12 U.S.C. § 632, which, in pertinent part, provides:

> "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits;"

The district court dismissed for lack of jurisdiction. We affirm.

Appellant would evidently have us read the relevant statutory provision as conferring jurisdiction for a cause of action "arising out of ... banking in a[n] ... insular possession ...." He would then read the word "banking" expansively to include the appellee's filing of a criminal complaint based on the alleged passing of bad checks. We decline to read the term "banking" so broadly.[1]

The statute is otherwise limited to cases arising from "transactions" and "other ... financial operations" of banking institutions. We think that this limited range of companion parts of the same statutory section militates in favor of a similar narrow limitation for the term "banking". *Cf. United States v. Turkette*, 632 F.2d 896, at 899 (1st Cir. 1980) (applying principle of *ejusdem generis*). Moreover, a common-sense approach to a statute principally con-

---

1. The statute may be read more narrowly as limited to cases "arising out of transactions involving ... banking in a[n] ... insular possession ...." We need not decide whether this is the correct interpretation of the ambiguity if there is one.

cerned with financial transactions of an international character suggests that "banking" includes only traditional banking activities. As was the district court, we are unable to believe that Congress intended to reach all cases in which a bank is a party. If Congress so intended, it could have stated its intent more easily. The authority which we have been able to find supports our reading of § 632. *Compare Gonzalez Roman v. Federal Land Bank*, 303 F.Supp. 482 (D.P.R. 1969) *with First Federal Savings & Loan Association v. Zequeira*, 305 F.Supp. 37 (D.P.R. 1969). *See also Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786 at 791 792 (2d Cir. 1980). We therefore conclude that the filing of a criminal complaint as a result of plaintiff's alleged passing of bad checks falls outside the scope of traditional banking and that the district court properly dismissed.

*Affirmed.*