7 F.3d 218
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jose Angel FREYRE-SANTONI, et al., Plaintiffs, Appellants,
v.
FIRST FEDERAL SAVINGS BANK, Defendant, Appellee.
 No. 93-1155.
 United States Court of Appeals,
First Circuit.
 October 5, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Jose Angel Freyre-Santoni on brief pro se.
 Carlos G. Latimer and Latimer, Biaggi, Rachid, Rodriguez-Suris & Godreau on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Selya, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Pro se appellants Jose Angel Freyre Santoni, Jose A. Freyre Del Manzano, Anna M. Freyre, Doris C. Del Manzo Vazquez, and Vilma I. Castro ("appellants") appeal the district court's dismissal of their suit against the First Federal Savings Bank. The district court found that it had no subject matter jurisdiction over the suit under 12 U.S.C. § 632, which grants district courts original jurisdiction over suits "arising out of transactions involving ... banking in a dependency or insular possession of the United States,...."[1] We affirm.
 
 I. Background
 
 2
 In May 1989, appellants were evicted from their house pursuant to a default judgment of foreclosure the bank had received from a superior court of the Commonwealth of Puerto Rico.[2] A few months later appellants sued the bank in the district court. Their complaint alleged that the bank had harassed and threatened them by visiting and telephoning them and then evicting them after it had obtained the default judgment and bought their house at public auction. The appellants also alleged that the superior court's default judgment of foreclosure was invalid for several reasons. The bank had obtained the default judgment by reopening a previously dismissed foreclosure case without notice to appellants even though it knew their mailing address and phone number; it had submitted false affidavits to the court and not told the court that the parties had voluntarily dismissed the previous foreclosure case after reaching a settlement; and the previous dismissal had become final and nonappealable before the bank had reopened the case.[3] According to the complaint, the bank's harassing conduct and eviction of appellants from their property caused them physical injuries and mental or emotional distress. Its allegedly illegal foreclosure had transferred title of their house to the bank, depriving them of their property. In addition, the eviction had been carried out maliciously. Although the family had no place to move to, they were ordered out of the house in the evening in violation of the court order, and their belongings were removed to the street where they were damaged by rain and vandalism.
 
 
 3
 Furthermore, one appellant had been ridiculed for being short, and her son's dog had been kicked in his presence. The complaint alleged that the bank's actions from the time the parties had settled the initial foreclosure action had been undertaken maliciously, and appellants sought compensatory and punitive damages.
 
 II. Discussion
 
 4
 We have held that jurisdiction under section 632 exists when a cause of action arises out of "traditional banking activities." Diaz v. Pan American Federal Savings & Loan Association, 635 F.2d 30, 32 (1st Cir. 1980).[4] In order to determine whether the appellants' suit arose out of traditional banking activities, we review the complaint to determine the nature of the transaction or activity giving rise to their claims. Telecredit Service Center v. First National Bank, 679 F. Supp. 1101, 1103 (S.D. Fla. 1988).
 
 
 5
 In their complaint, appellants raised basically two distinct claims. First, they challenged the way in which the bank had procured its default judgment of foreclosure, alleging that procedural errors and misrepresentations by the bank rendered the judgment invalid. Second, they challenged the way in which the bank had communicated with them after the default judgment and public sale and the way in which it had evicted them.
 
 
 6
 Thus, the appellants challenged the validity of the default judgment and the manner in which the bank had pursued its rights under the judgment. Their proffered reasons for invalidating the judgment were not based on the terms of any mortgage agreement or other banking or financing activity between the parties, but on the circumstances surrounding the dismissal of the prior foreclosure action and the bank's reopening of that action. For that reason, their present claim that the default judgment was invalid did not arise out of a banking transaction or activity, even though the default judgment had permitted the bank to foreclose on its mortgage on their property. See Gonzalez-Roman v. Federal Land Bank of Baltimore, 303 F. Supp. 482, 483 (D.P.R. 1969) (a local court suit challenging the validity of a federal court judgment of foreclosure for jurisdictional reasons could not be removed to federal court under section 632 because the suit did not arise out of a transaction involving banking); contrast Conjugal Society v. Chicago Title Insurance Co., 690 F.2d 1, 5 (1st Cir. 1982) (plaintiffs' rights were based on defendants' mortgage agreements and thus arose out of a transaction involving banking within the meaning of section 632); First Federal Savings & Loan Association v. Zequeira, 305 F. Supp. 37, 39 (D.P.R. 1969) (the court "clearly" had jurisdiction over a mortgage foreclosure action where the pertinent evidence was the original mortgage note, a certified copy of the mortgage deed, and a sworn statement by the bank's treasurer showing that a mortgage account had been opened and had a certain balance since those are "banking transactions") (dictum or alternative holding).[5]
 
 
 7
 Likewise, the actions of the bank in visiting, calling and evicting the appellants did not arise out of any banking transaction. They were alleged to be wrongful, not because of any rights accruing to appellants by virtue of any mortgage agreement between the parties, but because the default judgment was alleged to be invalid and because those actions were allegedly undertaken negligently or maliciously, thereby causing appellants harm in violation of standard principles of tort law. See Diaz, 635 F.2d at 32 (plaintiff's suit for malicious or negligent prosecution was dismissed for lack of jurisdiction under section 632 because the bank's filing of criminal charges against plaintiff for passing bad checks was outside the scope of traditional banking).
 
 
 8
 The judgment of the district court is affirmed.[6]
 
 
 
 [1]
 Another prerequisite to suit under section 632 is that a "corporation organized under the laws of the United States shall be a party" to the suit, but there is no question that the bank meets that requirement. We also note that section 632 applies to banking transactions in the Commonwealth of Puerto Rico although it is no longer a United States territory. See First Federal Savings & Loan Ass'n v. Ruiz de Jesus, 644 F.2d 910, 912 (1st Cir. 1981)
 
 
 [2]
 The record suggests that not all appellants were living in the house at the time the eviction took place, and that the appellants who actually had title to the house were living elsewhere. For convenience, we do not distinguish among the appellants in the opinion, but refer simply to "appellants" even when reference to only certain appellants would be correct
 
 
 [3]
 After filing its complaint in federal court, appellants apparently moved the local court to annul its default judgment of foreclosure. The state court did so, and its action was affirmed by the Supreme Court of Puerto Rico. The proceedings in the local court are not relevant to the issue on appeal
 
 
 [4]
 One court has suggested that traditional banking activities include the "making and collection of loans and issuance of documents evidencing them, such as notes and guaranties, the opening and closing of checking accounts and the processing of checks drawn upon them, and the filing of lawsuits for the collection of monies when loans are in default...." Fumero-Vidal v. First Federal Savings Bank, 788 F. Supp. 1275, 1278 (D.P.R. 1992). Another court has said that traditional banking activities include transactions involving "mortgage foreclosures, letters of credit, letters of guaranty when the bank relied on the letter in granting a loan, and transactions involving Federal Reserve Banks." Telecredit Service Ctr. v. First Nat'l Bank, 679 F. Supp. 1101, 1103 (S.D. Fla. 1988)
 
 
 [5]
 Although some evidence touching upon the mortgage relationship between the bank and appellants may well have been necessary, e.g., to show that the bank had appellants' mailing address and so could have properly served appellants when it reopened the foreclosure case, proof of appellants' claims did not depend on the terms of any mortgage agreement or other financial or banking transaction between the parties or on their adherence to the terms of any mortgage or other financing agreement
 
 
 [6]
 Appellants also ask this court to resolve certain motions left undecided by the district court when it dismissed appellants' suit. We cannot do so. The dismissal of appellants' suit, which we now affirm, rendered any outstanding motions moot. In any event, it is not the role of this court to resolve in the first instance motions before the district court. If resolution of pending motions had been necessary, we would have had to remand those motions to the district court for decision