Nancy Isaac **BURGOS, et al.,**
**Plaintiffs, Appellants,**

v.

**CITIBANK, N.A., Defendant, Appellee.**

No. 04–2193.

United States Court of Appeals,
First Circuit.

Submitted May 4, 2005.

Decided Dec. 19, 2005.

Rafael A. Oliveras Lopez De Victoria on brief for appellant.

Felipe Sanabria Quinones, and Irene Cordova, on brief for appellee.

Before TORRUELLA, Circuit Judge, CYR, Senior Circuit Judge, and LIPEZ, Circuit Judge.

CYR, Senior Circuit Judge.

■ Plaintiff Nancy Isaac Burgos appeals from the district court judgment which dismissed her complaint for damages against Citibank due to lack of federal subject matter jurisdiction under 12 U.S.C. § 632. Section 632 confers original jurisdiction upon the district court to hear civil actions involving any corporation organized under federal law, which arises out of transactions involving banking in a dependency or insular possession of the United States.[1]

---

1. Section 632 provides, in pertinent part:

Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign finan-

48

Plaintiff alleges that Citibank financed the purchase of her automobile pursuant to a conditional sales agreement. After she defaulted on her payments under the agreement, Citibank referred her account to a collection agency. As Citibank's agent, the collection agency entered into a repayment agreement, which required the plaintiff to make a substantial initial down payment, and thereafter to make regular monthly payments. Notwithstanding the agreement, however, Citibank notified local police that the automobile was stolen, and the plaintiff was subpoenaed to appear at the police station. Upon her arrival, she was placed under arrest and her automobile was confiscated. After consulting the district attorney's office, however, the police caused the criminal charges against plaintiff to be dismissed for lack of probable cause. The district attorney further directed that the police return the automobile to plaintiff.

In March 2003, the plaintiff submitted her diversity complaint against Citibank, demanding compensatory damages for Citibank's violation of the repayment agreement. Citibank moved to dismiss the action, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, on the ground that both parties are citizens of Puerto Rico. While the diversity issue remained under advisement, the district court requested, *sua sponte*, that the parties brief the issue as to whether 12 U.S.C. § 632 could constitute an independent basis for subject matter jurisdiction. Following the briefing, the court ruled that since Citibank is a "national banking association" and is

deemed a citizen of any state in which it physically maintains branches, *see* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 388 F.3d 414, 416 (4th Cir.2004), the district court lacked diversity jurisdiction of the plaintiff's claim. The district court further held that section 632 is not an autonomous basis for subject matter jurisdiction, given that the action did not arise out of a "traditional banking activity," but merely from claims for malicious prosecution and breach of contract.

Plaintiff appeals from the latter jurisdictional ruling and must bear the burden of establishing subject matter jurisdiction. *See McBee v. Delica Co.*, 417 F.3d 107, 122 (1st Cir.2005). As the predicate jurisdictional facts are not in dispute and the district court convened no evidentiary hearing, we review the legal basis for the district court's jurisdictional decision *de novo*, construing the complaint liberally and presuming the truth of all its well-pleaded facts and the reasonable inferences therefrom. *See Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 20 (1st Cir.2005).

The mere fact that a bank is party to an action does not trigger section 632 jurisdiction. *See Diaz v. Pan Am. Fed. Sav. & Loan Ass'n*, 635 F.2d 30, 32 (1st Cir.1980). The operative phrase in section 632 is "arising out of transactions involving international or foreign banking." Although less than a model of clarity, the complaint alleges two types of wrongful conduct by Citibank: (i) Citibank's attempts to repossess the vehicle in violation

---

cial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the

United States shall have original jurisdiction of all such suits.

12 U.S.C. § 632. Section 632 applies to banking transactions in Puerto Rico. *See First Fed. Sav. and Loan Ass'n of Puerto Rico v. Ruiz De Jesus*, 644 F.2d 910, 914 (1st Cir. 1981).

of the loan repayment agreement; and (ii) Citibank's false report to the local police that plaintiff was a car thief. Without deciding whether the second claim—which appears to allege the tort of malicious prosecution—arises out of a traditional banking activity, *cf. id.* at 31–32 (declining to construe § 632 to encompass a bank's filing of a criminal complaint against party who circulated two checks on an account with insufficient funds), we conclude that the first claim—which alleges a breach of contract—meets the section 632 criteria.

 We review the complaint to determine the *nature* of the transaction or activity giving rise to the alleged claims. *See Telecredit Serv. Ctr. v. First Nat'l Bank of the Fla. Keys,* 679 F.Supp. 1101, 1103 (S.D.Fla.1988). Traditional banking activities include, *inter alia,* mortgage loan agreements, foreclosures on such mortgages, loan guarantor agreements, subordination agreements, and suits to recover on defaulted loans. *See Conjugal Soc'y Composed of Juvenal Rosa v. Chicago Title Ins. Co.,* 690 F.2d 1, 4 (1st Cir.1982); *Fumero–Vidal v. First Fed. Sav. Bank,* 788 F.Supp. 1275, 1279 (D.P.R.1992). The material question is not whether entering into contracts is a traditional banking activity, for it is not difficult to conceive many types of contracts which would be so peripheral to core banking activities that they would not trigger section 632 (*e.g.,* a bank's contract for cleaning services at its branches). Rather, the material question is whether the subject matter of the particular contract arises out of a traditional banking activity. The contract allegedly entered into by Isaac Burgos clearly arises out a contract whose very subject matter constitutes a traditional banking activity. That is, it concerns the parties' contractual agreement to repay a loan granted by Citibank pursuant to a conditional sales contract for the vehicle, and the respective rights of the parties vis-á-vis the vehicle. In the event the plaintiff complied with the repayment schedule, Citibank was to refrain from exercising its rights, *qua* lender, to repossess the vehicle. "Whether [defendant's] acts are viewed as ones in tort or contract, [plaintiff's] rights are alleged to have arisen out of [defendant's] mortgage agreements and thus out of a transaction involving banking within the meaning of section 632." *Conjugal Soc'y,* 690 F.2d at 5; *see First Fed. Sav. & Loan Ass'n of Puerto Rico v. Zequeira,* 305 F.Supp. 37, 39 (D.P.R.1969) (holding that § 632 jurisdiction was present where case arose out of mortgage note); *Fumero–Vidal,* 788 F.Supp. at 1279 ("[T]he crux of plaintiffs' claims . . . is the defendant's alleged failure to honor an oral [loan] agreement.").[2]

We discern no material distinction between the present case and *Conjugal Society.* Like the foreclosure on a mortgage loan, the repossession of a vehicle following the borrower's default, as a means to perfect its security interest in the vehicle, is simply "part and parcel" of a customary banking activity in consumer automobile loan activities. Similarly, the fact that the Citibank repayment agreement superseded the original automobile loan agreement is immaterial, given that the subsequent

---

**2.** We note two distinct lines of cases, *not* applicable here, wherein the complaint challenged the validity of a prior court judgment based upon a contractual agreement with a bank, in which the courts have held that there was no § 632 jurisdiction because the nature of the complaint was that of an independent challenge to the prior judgment, rather than a fresh suit based upon contractual rights, *see, e.g., Gonzalez–Roman v. Fed. Land Bank of Baltimore,* 303 F.Supp. 482, 483 (D.P.R. 1969), and where the pertinent question was whether the loan transaction at issue "involv[ed] international banking" in a foreign country, *see, e.g., Telecredit Serv. Ctr.,* 679 F.Supp. at 1104.

contract apparently constituted either a renegotiation or an accord and satisfaction of the original loan contract, thus supplanting the parties' original contractual rights. It cannot be disputed that the repayment contract remained a contract relating to an automobile loan. However narrow one's definition of "traditional banking activity" may be, the phrase "arising out of" is notoriously more broad. *See, e.g., United Nat'l Ins. Co. v. Penuche's, Inc.,* 128 F.3d 28, 32 (1st Cir.1997) (noting that the concept of "arising out of" is broader than proximate causation). Thus, "arising out of" cannot fairly be construed as meaning that a successor lending agreement—like the one in the instant case, whose subject matter remains the rights of the parties under a conditional sales agreement—possesses an overly tenuous connection to traditional banking activities. *Cf. Conjugal Soc'y,* 690 F.2d at 4 (noting that § 632 jurisdiction was triggered even where plaintiff was merely a third party beneficiary to the bank contract); *Nat'l City Bank of N.Y. v. Puig,* 106 F.Supp. 1, 3 (D.P.R.1952) (finding § 632 jurisdiction where "transaction consist[ed] of the granting of a loan secured by the continuing letter of guaranty [by third parties]," and "the validity and nature of said banking transaction, as well as the determination as to who are the parties bound thereby ... is the principal and only issue of the third-party proceedings"). If the original contract would have triggered section 632 jurisdiction, and we harbor no doubt on that score, so must the successor contract.

Our decision rests solely upon the merits of the particular jurisdictional issue on appeal, and we express no opinion regarding the merits *vel non* of the underlying cause of action.

*Accordingly, the district court judgment is reversed and the case is remanded for further proceedings consistent with this opinion.*